WILLIAM M. GILDAY, JR. *vs.* COMMONWEALTH
(and a companion case[1]).

Suffolk.    October 8, 1971. — October 27, 1971.

Present: TAURO, C.J., CUTTER, REARDON, QUIRICO, & HENNESSEY, JJ.

*Practice, Criminal,* Disclosure of defence witnesses. *Supreme Judicial Court,* Superintendence of inferior courts.

Upon report without decision of a proceeding in the county court under G. L. c. 211, § 3, as amended, to vacate an interlocutory order by a judge of the Superior Court with which the petitioner was directed to comply prior to trial of a capital case against him, this court reviewed the order because it presented important practical issues and, if erroneous, compliance might result in irremediable harm to the petitioner. [171]

This court ordered vacated an order of a Superior Court judge entered upon motion of the Commonwealth in a capital case that prior to trial the defendant disclose whether he intended to interpose a defence of alibi, and if so, the names, addresses, and dates of birth of witnesses he intended to produce in support of such defence, and ordered the motion denied. [171–173]

This court ordered to stand an order of the Superior Court in a capital case that prior to trial the defendant disclose whether he intended to interpose the defence of not guilty by reason of insanity. [171, 173]

TWO PETITIONS filed in the Supreme Judicial Court for the county of Suffolk on September 17, 1971, and September 23, 1971, respectively.

The cases were reserved and reported by *Hennessey, J.,* without decision.

*Daniel F. Featherston* for William B. Gilday, Jr.

*John T. Gaffney,* Assistant District Attorney (*James M. McDonough,* Legal Assistant to the District Attorney, with him) for the Commonwealth.

*Robert M. Mardirosian,* for Stanley R. Bond, submitted a brief.

HENNESSEY, J.    The petitioners (hereinafter called the

---

[1] Stanley Ray Bond *vs.* Commonwealth.

defendants) await trial on indictments for murder and armed robbery. Their petitions in the county court under G. L. c. 211, § 3, as amended, were reserved and reported, without decision, to the full court. The defendants seek to vacate orders of a Superior Court judge, entered upon motions of the Commonwealth, that each defendant prior to trial disclose whether he intends to interpose (1) a defence of not guilty by reason of insanity, or (2) a defence of alibi, and if so, the names, addresses, and dates of birth of witnesses he intends to produce in support of such defence.

This matter is not within the scope of review under G. L. c. 278, § 28E (interlocutory appeals in criminal cases). The judge denied the defendants' motions that he report to this court his rulings. See G. L. c. 278, § 30A. He, however, deferred compliance with the orders until the defendants could obtain this court's decision.

Only in the most exceptional circumstances will we review interlocutory rulings in criminal cases under our general superintendence powers. See G. L. c. 211, § 3, as amended. We do so here because of important practical issues presented, and because ordering the disclosure of alibi witnesses, if error, might be irremediable, and possibly not curable even by a new trial since the defendants could not thereafter be placed in statu quo.

We recognize the judge's reasons for entering the rulings. The defendants here are two among several defendants charged with serious crimes which have been the subject of extensive publicity in the news media. It is likely that the judge will sequester the jurors during trial. Severance of the trials of these two defendants has already been ordered. There is the prospect of two or more successive, lengthy trials, each with a locked up jury. If the prosecution is informed that a defendant intends to present alibi or insanity evidence only when or after the prosecution rests, the prosecution is likely to request a suspension of trial to gather evidence to rebut the defence, a task difficult at best upon such short notice. Clearly implied in the orders is the judge's desire to avoid unnecessary and foreseeable delays.

Federal constitutional questions are argued concerning which the pertinent decisions are far from clear. Compelling a defendant to disclose before trial the identity of his alibi witnesses has been held not to violate his privilege against self-incrimination, partly on the reasoning that there is no compulsion since the defendant has the alternative of abandoning the alibi defence and that such an order merely advances the date upon which he necessarily will make disclosure in any event. *Williams* v. *Florida,* 399 U. S. 78, 83–85. *Radford* v. *Stewart,* 320 F. Supp. 826, 831 (D. Mont.). *State* v. *Stump,* 254 Iowa, 1181, 1197–1198, cert den. sub nom. *Stump* v. *Iowa,* 375 U. S. 853. *State* v. *Angeleri,* 51 N. J. 382, 385, cert. den. sub nom. *Angeleri* v. *New Jersey,* 393 U. S. 951. *Commonwealth* v. *Vecchiolli,* 208· Pa. Super. 483, 489. However, in *Williams* v. *Florida, supra,* 81–82, there is a suggestion that to require a defendant to disclose his alibi witnesses may deny him due process in a State such as Massachusetts which does not by statute or rule of court provide appropriate, compulsory and reciprocal disclosure by the prosecution.[2]

Constitutional problems also may be argued concerning the enforcement of any · order for pre-trial disclosures where the defendant stands mute after the order or seeks to change his position during trial after originally disclaiming any intention to assert such a defence. Probably the only effective measure to enforce the order in such instance is to exclude at trial the defendant's offer of evidence in these areas of defence.[3] A number of jurisdictions have held that such

[2] Some jurisdictions which have allowed pre-trial discovery to the prosecution have provided for reciprocity. For example, in California, Florida, Indiana, Kansas, New Jersey and Vermont, a defendant either by court rule or statute has been afforded reciprocal discovery.

[3] Of the several jurisdictions which have notice of alibi statutes or rules of court, fifteen provide, in some measure, for the exclusion of the defendant's proferred evidence: Arizona, Florida, Indiana, Iowa, Kansas, Michigan, Minnesota, New Jersey, New York, Ohio, Pennsylvania, South Dakota, Utah, Vermont and Wisconsin. Four jurisdictions allow the court discretion to grant a continuance to the prosecution upon the presentation of such evidence where no notice was filed: Iowa, New Jersey, New York and Oklahoma.

exclusions of evidence are valid.[4]  Recently, however, there have been suggestions that such exclusions may violate the defendant's Sixth Amendment right to summon witnesses in his own behalf.  *Williams* v. *Florida,* 399 U. S. 78, 83. *Radford* v. *Stewart,* 320 F. Supp. 826, 828, 830 (D. Mont.).

Until the constitutional uncertainties in this area are more definitely settled, we regard it as inexpedient to approve so much of the orders as requires the pre-trial disclosure of alibi witnesses.  Particularly is this true in view of the uncertainty whether such pre-trial disclosure may be required only where the defendants are afforded reciprocal compulsory discovery, for which Massachusetts does not now provide either by statute or rule of court.  Practical considerations require that, as long as the law remains uncertain, defendants should not be ordered to identify alibi witnesses in advance of trial at least until appropriate discovery procedures can be established.

In each case so much of the judge's orders as requires the defendant to disclose before trial the names, addresses and dates of birth of his witnesses in the event he intends to rely on the defence of alibi is vacated and an entry is to be made denying that portion of the motions.  The remainder of the order in each case is to stand.

*So ordered.*

---

[4] *State* v. *Dodd,* 101 Ariz. 234, 237.  *Lamar* v. *State,* 245 Ind. 104, 106. *State* v. *Rourick,* 245 Iowa, 319, 324.  *Bush* v. *State,* 203 Kans. 494, 499–500. *People* v. *Fleisher,* 322 Mich. 474, 481.  *State* v. *Woodard,* 102 N. J. Super. 419, 426.