COMMONWEALTH *vs.* GEORGE EDGERLY.

Essex.    September 13, 1976. — April 11, 1977.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, WILKINS, & ABRAMS, JJ.

*Practice, Criminal,* Disclosure of defense witnesses.

Discussion of notice of alibi rules in various jurisdictions. [339-342]
Requiring a criminal defendant to disclose an alibi defense and the identity of alibi witnesses does not deny constitutional or statutory rights where reciprocal obligations are placed on the prosecution. [342-343]
This court declined to issue a notice of alibi rule where the subject was under consideration as part of the Massachusetts Proposed Rules of Criminal Procedure for District and Superior Courts. [343-344]

---

Discussion of procedure for seeking disclosure of an alibi defense and the identity of alibi witnesses. [344-345]

INDICTMENT found and returned in the Superior Court on May 15, 1974.

Questions of law were reported by *Bennett, J.,* to the Appeals Court. The Supreme Judicial Court, on its own initiative, ordered direct review.

*John C. Doherty,* Assistant District Attorney (*Michael T. Stella, Jr.,* Assistant District Attorney, with him) for the Commonwealth.

*P. J. Piscitelli* for the defendant.

WILKINS, J. The defendant stands indicted for murder in the first degree. A judge of the Superior Court has reported two questions to us (G. L. c. 278, § 30A) concerning possible consequences of the allowance of motions filed by the Commonwealth which seek (1) an order that the defendant disclose "whether he intends to interpose or rely upon a defense of alibi" and (2) an order that the defendant disclose the names and addresses of his witnesses. The Commonwealth has already disclosed the names of its witnesses for its case in chief and apparently is prepared to disclose the names of any rebuttal witnesses. The questions reported are set forth in the margin.[1]

The parties have treated the questions as related to (1) the authority of a judge to order disclosure of an alibi

---

[1] "1. May this Court, consistent with Constitutional requirements, order defendant to supply the Commonwealth with names and addresses of witnesses intended to be called as defense witnesses, on condition that, within a reasonable time after compliance with such order, the Commonwealth supply defendant with names and addresses of witnesses intended to be called to rebut testimony of defendant's witnesses aforesaid?

"Affirmative response to the foregoing necessitates report of the following:

"2. If this Court may properly order the reciprocal discovery described in Question 1 foregoing, and either party declines to obey such order by refusing to disclose names and addresses of certain witnesses, may this Court, consistent with Constitutional requirements, exclude the testimony of such witnesses, and if not, what sanctions, if any, may this Court invoke to enforce its order?"

defense and of the names and addresses of witnesses in support of that defense and (2) the authority of a judge either to exclude testimony from witnesses whose identity is not disclosed seasonably or to impose some other sanction for noncompliance with a disclosure order. We believe that a judge constitutionally may order a defendant to give notice whether he intends to rely on alibi as a defense and, if he does, to supply the names and addresses of alibi witnesses provided there is a reciprocal order imposing on the Commonwealth the duty of disclosing its rebuttal witnesses on that defense. Thus, we answer the first question in the affirmative. The second question should not be answered in the abstract, and, therefore, although we shall discuss the question of sanctions, we do not answer the question.

We consider briefly the treatment of notice of alibi rules by the Supreme Court of the United States, by this court, and by other States. The Supreme Court of the United States first considered such a rule in *Williams* v. *Florida,* 399 U.S. 78 (1970). It upheld a Florida reciprocal notice of alibi rule against arguments that (1) compliance with a discovery order under such a rule compelled a defendant to be a witness against himself contrary to the commands of the Fifth and Fourteenth Amendments to the United States Constitution, and (2) such discovery permitted against a defendant deprived him of "due process" or a "fair trial." The *Williams* case did not involve, and the Court did not consider, the constitutionality of sanctions which might be imposed on a defendant who failed to comply with a disclosure order and thereafter undertook to present evidence in support of his asserted alibi. *Id.* at 83 n.14. The Court recognized the beneficial consequence of a fair notice of alibi rule, saying: "The adversary system of trial is hardly an end in itself; it is not yet a poker game in which players enjoy an absolute right always to conceal their cards until played. We find ample room in that system, at least as far as 'due process' is concerned, for ... [a rule] which is designed to enhance the search for truth in the criminal trial by insuring both the defendant and

the State ample opportunity to investigate certain facts crucial to the determination of guilt or innocence" (footnote omitted). *Id.* at 82.

In *Gilday* v. *Commonwealth,* 360 Mass. 170, 172 (1971), we vacated those portions of orders which required a defendant to disclose before trial the names, addresses, and date of birth of his alibi witnesses. We noted that the absence of "appropriate, compulsory and reciprocal disclosure by the prosecution" may deny a defendant due process of law and that a defendant's Sixth Amendment right to summon witnesses in his own behalf might be denied by the exclusion of testimony from undisclosed alibi witnesses. We concluded that "[u]ntil the constitutional uncertainties in this area are more definitely settled," orders requiring pre-trial disclosure of alibi witnesses should not be entered, particularly where Massachusetts had neither a statute nor a rule providing for reciprocity. *Id.* at 173.

Our concern about the constitutionality of an alibi disclosure procedure which failed to impose reciprocal obligations on the prosecution was well founded. In *Wardius* v. *Oregon,* 412 U.S. 470 (1973), the Supreme Court of the United States held that the due process clause of the Fourteenth Amendment forbade enforcement of a notice of alibi requirement unless reciprocal discovery rights were given to criminal defendants. There the defendant's conviction was reversed where testimony from undisclosed alibi witnesses had been excluded. The Supreme Court noted that it was expressing no position on the question whether exclusion of alibi testimony would be a permissible manner of enforcement of a notice of alibi rule which was otherwise valid. *Id.* at 472 n.4. In its *Wardius* opinion, the Court did not criticize notice of alibi rules in general. It recognized that such rules were "in use in a large and growing number of States..." and "are based on the proposition that the ends of justice will best be served by a system of liberal discovery which gives both parties the maximum possible amount of information with which to prepare their cases and thereby reduces the possibility of

surprise at trial." *Id.* at 473. The Supreme Court described the growth of such discovery devices as a salutary development which enhances the fairness of the adversary system. *Id.* at 474.

The decision of the Commonwealth in this case to seek disclosure of an alibi defense, with an offer of reciprocal disclosure, was no doubt prompted in part by the Supreme Court's comments in its *Wardius* opinion. This is the first occasion we have had to consider the requirement of disclosure of an alibi defense since our opinion in the *Gilday* case.[2]

As far as we are aware, notice of alibi requirements in other jurisdictions have been imposed by rule or, more commonly, by statute. See *Williams* v. *Florida,* 399 U.S. 78, 82 n.11 (1970), which refers, as of 1970, to such requirements in sixteen States. Notice of alibi provisions now exist in at least six other jurisdictions. See Me. R. Crim. P. 16 (b) (1965); Mont. Rev. Codes Ann. § 95-1803 (d) (1967); Nev. Rev. Stat. § 174.087, as amended (1971); N.M.R. Crim. P. 32 (1972); N.D.R. Crim. P. 12.1 (1973); Wash. Super. Ct. Crim. R. 4.7 (b) (2) (*xii*) (1973). The validity of notice of alibi requirements has been upheld generally, where adequate reciprocal obligations have been placed on the prosecution. See *Williams* v. *Florida, supra* at 83; Note, Constitutional Implications of Notice-of-Alibi Provisions, 21 Wayne L. Rev. 1415, 1416 n.7 (1975). Annot., 45 A.L.R.3d 958, 963 (1972). Contra, *Scott* v.

---

[2] In *Commonwealth* v. *Lewinski,* 367 Mass. 889, 902-903 (1975), we noted that if a judge were to order the delivery to a defendant of copies of statements made by prosecution witnesses, the judge could condition that right "on the reciprocal delivery by the defense to the prosecution of all or part of a statement by the same witness given to the defense." We added by way of footnote, citing the *Williams, Wardius,* and *Gilday* cases, that "[o]ur approval of reciprocal discovery in the present situation should not be taken to suggest that such discovery would be inappropriate or constitutionally impermissible in other situations." *Id.* at 903 n.10. We there noted, as well, that the Committee on Criminal Rules of the Judicial Conference of the Commonwealth had under consideration the general subject of reciprocal discovery. In his order reporting the questions to us, the judge took note of these comments in the *Lewinski* opinion.

*State,* 519 P.2d 774, 785 (Alas. 1974) (Alaska Constitution).

In general, a requirement of disclosure of an alibi defense and the identity of alibi witnesses does not deny constitutional or statutory rights where reciprocal obligations are placed on the prosecution. A defendant is not "compelled to . . . furnish evidence against himself . . ." nor is he denied absolutely his "right to produce all proofs, that may be favorable to him . . . and to be fully heard in his defense by himself, or his counsel, at his election." Art. 12 of the Massachusetts Declaration of Rights. Such a defendant is not denied his right under G. L. c. 263, § 5, to defend himself or to produce witnesses and proofs in his favor. We see no denial generally of defendants' rights to due process of law under the State Constitution or under the Fourteenth Amendment to the Federal Constitution, including (by incorporation) any rights under the Fifth and Sixth Amendments to the Federal Constitution.

It is true that a notice of alibi order upsets the traditional view that a defendant need not reveal his defense, if any, until the prosecution has disclosed its entire case. Under such a rule, a criminal defendant may be forced to make a pre-trial disclosure of an alibi defense or run the risk of losing his right to present that defense in full. However, where such a defendant is granted substantial reciprocal rights and the right to considerable additional disclosure,[3] the system is not fundamentally unfair. We recognize that the Supreme Court of the United States has left open the question of the constitutionality of the

---

[3] In this Commonwealth, on motion, a defendant is entitled, as a general rule, to disclosure of the grand jury testimony and of prior written statements of prosecution witnesses who testify at trial, without any showing of "particularized need." *Commonwealth* v. *Stewart,* 365 Mass. 99, 105-106 (1974). *Commonwealth* v. *Lewinski,* 367 Mass. 889, 901-903 (1975).

In this case, the judge allowed a substantial number of motions for discovery filed on behalf of the defendant, including a motion for copies of statements of witnesses and a motion for examination of grand jury minutes prior to trial.

imposition of sanctions under a notice of alibi requirement. *Wardius* v. *Oregon*, 412 U.S. 470, 472 n.4 (1973).

Whether in a particular case, the imposition of sanctions, particularly the sanction of barring testimony from others in support of any alibi defense, may constitute an abuse of discretion or a denial of a defendant's constitutional rights, we leave for consideration on a case by case basis. We expect that the extreme sanction, preclusion of testimony from alibi witnesses other than the defendant, would be imposed only where the Commonwealth is prejudiced significantly by surprise and there is no reasonable, alternative means of achieving the purpose of the rule. In some instances, granting a continuance may be such a reasonable alternative. When a case involving sanctions against a defendant arises, a significant constitutional question will be whether, in the circumstances of that case, the defendant was barred unconstitutionally from presenting a defense, as the Constitutions of the Commonwealth (art. 12 of the Declaration of Rights) and of the United States (Sixth Amendment) permit. See generally, Note, The Preclusion Sanction — A Violation of the Constitutional Right to Present a Defense, 81 Yale L.J. 1342 (1972). We note that, if supported by the "legitimate demands of the adversarial system," the sanction of preclusion of testimony offered on behalf of a defendant may not violate Sixth Amendment rights. *United States* v. *Nobles*, 422 U.S. 225, 241 (1975).

Although we recognize our authority to issue a notice of alibi rule,[4] we do not do so at this time because the subject

---

[4] This court has authority to adopt a notice of alibi rule under its constitutional and statutory powers (G. L. c. 211, § 3). Other States have issued such rules. See, e.g., Ariz. R. Crim. P. 15.2 (b), (c) (1973); Fla. R. Crim. P. 3.200 (1972); Me. R. Crim. P. 16 (b) (1965); N.M.R. Crim. P. 32 (1972); N.J.R. 3:11-1 (1969). Rule 12.1 of the Federal Rules of Criminal Procedure sets forth notice of alibi requirements, including language granting discretionary authority to a judge to deny admission of testimony from witnesses who were not disclosed seasonably.

In California, where notice of alibi requirements have had considerable attention and mixed acceptance by the courts (see Note, Criminal

is under consideration by this court as part of the Massachusetts Proposed Rules of Criminal Procedure for District and Superior Courts. Rule 14 of the proposed rules includes procedures to be followed with respect to notice of alibi. As we have done before, where a case has come before us involving an area subject to study with respect to a rule of court, we decide the case and permit the process of development of any rule to run its normal course, recognizing that any rule we may promulgate may depart from the procedures we describe in this opinion. See, e.g., *Commonwealth* v. *Stewart,* 365 Mass. 99, 105 (1974).

We expect that the procedure for seeking disclosure of reliance on an alibi and the names and addresses of alibi witnesses will be commenced by a written motion filed by the Commonwealth stating the time, date, and place at which the alleged offense was committed and seeking an order that the defendant serve on the prosecutor a written notice of his intention to offer an alibi defense. Such a motion should be filed reasonably in advance of trial. If a judge allows the motion, he should specify a reasonable time within which the defendant's response must be served on the Commonwealth. That notice, signed by the defendant, shall state the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses (other than himself) on whom he intends to rely to establish his alibi. The judge's order must direct the Commonwealth to serve on the defendant or his attorney, within

Discovery: California's Treatment of Pretrial Notice of Alibi, 7 Sw. U.L. Rev. 338 [1975]), the Supreme Court has said that, under that' State's special rule making provisions, it lacked the power to promulgate such a rule. See *Reynolds* v. *Superior Court,* 12 Cal. 3d 834, 849 n.23 (1974). Recently, relying solely on the self-incrimination clause of the California Constitution, the Supreme Court of California held, by a four to three decision, that a trial judge may not compel a criminal defendant to disclose the names of all his prospective witnesses before trial to be read to potential jurors, along with the names of prospective prosecution witnesses, to ascertain whether any of them was acquainted with any prospective witness. *Allen* v. *Superior Court,* 18 Cal. 3d 520 (1976).

a specified, reasonable time after the defendant's notice is served on it, a written notice stating the names and addresses of witnesses on whom the prosecutor intends to rely to establish the defendant's presence at the scene of the alleged offense and any other witnesses to be relied on to rebut testimony of any of the defendant's alibi witnesses. If, at any time, a party learns of an additional witness whose identity, if known, should have been included in the information previously furnished, that party shall promptly notify the adverse party or his attorney of the existence and identity of the additional witness. Evidence of an intention to rely on an alibi defense and any statements made in connection with that intention should not be admitted against the defendant in any civil or criminal proceeding.

If either party fails to comply with the requirements of the judge's order, the trial judge may grant a continuance or enter such other order as he deems just in the circumstances. If, in his discretion, no other order is appropriate to serve the purpose of the rule, the trial judge may exclude the testimony of any undisclosed witness offered by that party as to the defendant's absence from, or presence at, the scene of the alleged offense. If a defendant against whom a sanction has been imposed is convicted, he may assign for argument on appeal the question whether the judge's action in imposing a sanction against him constituted an abuse of discretion or the denial of any constitutional right.

We answer the first question, "Yes," and, for the reasons stated, cannot give a definitive answer to the second question.

*So ordered.*