## COMMONWEALTH vs. FRANK A. BOLDUC.

Suffolk.   April 7, 1981. — June 11, 1981.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & NOLAN, JJ.

*Practice, Criminal,* Disclosure of defense witnesses, Request for fees and
    costs.

Although the judge at a criminal trial was correct in seeking to bring be-
    fore the jury venire the names and addresses or occupations of poten-
    tial witnesses, the defendant, as a matter of fairness, was entitled to a
    new trial where he was obliged to disclose the names of his potential
    witnesses and ultimately elected not to call three of the four witnesses
    named; the proper procedure is for the judge to identify the potential
    witnesses of both parties at one time without stating whose witnesses
    they are.  [745-748]
Upon remand of a criminal case for a new trial on other grounds, the de-
    fendant was to be given an opportunity to renew his motion for funds
    to meet the cost of an expert which had been denied without proper
    consideration at the earlier trial.  [748-749]
NOLAN, J., dissenting on the grounds that the defendant was not preju-
    diced by the judge's requiring him to disclose the identities of potential
    witnesses and that there was no error in the denial of the defendant's
    request for the costs of an expert.  [749]

INDICTMENTS found and returned in the Superior Court
Department on September 14, 1978.

Pretrial motions were heard by *Alberti,* J., and the cases
were tried before *Linscott,* J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Stephen M. Needle,* Assistant District Attorney, for the
Commonwealth.

*Robert L. Sheketoff* for the defendant.

WILKINS, J.   We reverse the defendant's convictions be-
cause the judge obliged the defendant to disclose the names
of his potential witnesses in the presence of the jury at the

commencement of the trial and the defendant ultimately elected not to call three of the four disclosed, potential witnesses. The defendant is entitled to a new trial.

This case is here on the Commonwealth's application for further appellate review following an opinion of the Appeals Court ordering a new trial on other grounds. *Commonwealth* v. *Bolduc,* 10 Mass. App. Ct. 634 (1980). We conclude that a new trial is not clearly required on the ground stated by the Appeals Court, and we order a new trial on a ground that was not essential to the Appeals Court's decision.

The case arises out of an August, 1978, holdup of a restaurant in the Dorchester district of Boston and an ensuing shootout between police officers and the participants in the holdup. Two of the participants were apprehended at the scene, and a third escaped. Soon after the shootout, the defendant was found in the vicinity of the crime, wounded in the ankle. He was convicted on six indictments charging him with assault with intent to murder and on two indictments for armed assault with intent to rob persons in the restaurant.

1. After the jury venire had been sworn but prior to empanelment, the trial judge asked the attorneys to introduce themselves. The prosecutor did so and volunteered the names and residences or occupations of his witnesses. The record indicates that the prosecutor did so in compliance with his understanding of what the judge had requested in a pretrial conference. The trial judge then asked defense counsel to announce his witnesses. Defense counsel sought to approach the bench, but the request was denied. He then objected to being required to disclose the names of his witnesses. The judge stated that he had told each side that he wanted the jury to hear the names of witnesses that might be called. Maintaining his objection, defense counsel reluctantly agreed to announce his potential witnesses. He told the jury that he was not certain whether he would call any or all of the four witnesses he named. The judge next asked defense counsel whether he had residences for these

people.   Defense counsel gave the address for one but not
for the other three, again requesting a bench conference,
but the judge did not press for a further answer.   It appears
that the other three potential witnesses (none of whom was
called as a witness) were incarcerated, a fact defense coun-
sel did not wish to disclose.   Later in the trial, during a lob-
by conference, the judge, on his own motion, questioned
the propriety of his requiring the parties to disclose in open
court the names and addresses of their potential witnesses.
He did not declare a mistrial, although the defendant
argued that such a procedure denied him his rights under
the Fifth and Sixth Amendments to the Constitution of the
United States.

We have no doubt that the judge was correct in seeking to
bring before the venire the names and addresses or occupa-
tions of potential witnesses.   A fair-minded, unbiased jury
are fundamental to our system of justice.   *Commonwealth*
v. *Galvin,* 323 Mass. 205, 213 (1948).   *Murphy* v. *Florida,*
421 U.S. 794, 799 (1975).   A juror should not be a friend,
antagonist, or relative of a witness.   A juror might be con-
cerned about his or her impartiality because of some other
connection or association with a witness, such as a witness
who was a neighbor, friend, or associate of a relative of the
juror. Only by disclosing the identify of potential witnesses
can problems of this sort be identified in a timely fashion.
Thus, except in unusual situations, the prosecution and the
defense should before empanelment disclose to the judge the
identity of potential witnesses.[1]

---

[1] We have also recognized the propriety, in particular circumstances, of
requiring a defendant to disclose that he intends to rely on an alibi defense
and to disclose witnesses' names and addresses in connection with that
defense.  See *Commonwealth* v. *Edgerly,* 372 Mass. 337, 344-345 (1977);
Mass. R. Crim. P. 14 (b), 378 Mass. 876 (1979).  In doing so, however, we
have directed that the claim of an intention to rely on an alibi defense,
later withdrawn, and any statements made in connection with that ex-
pressed intention, including the names of potential alibi witnesses, not be
admissible against the defendant in any proceeding.  See *Commonwealth*
v. *Edgerly, supra* at 345; Mass. R. Crim. P. 14 (b) (1) (F), 378 Mass. 877
(1979).

This obligation can be met without disclosing which side intends to call a particular witness by following the procedure that the Appeals Court suggested be used at retrial. That court said there would be no problem "if the judge gives the veniremen the names of all the prospective witnesses without indicating whether any of them will be called by the prosecution or by the defense, if the judge gives the veniremen to understand that not all the prospective witnesses may actually be called, and if the judge refrains from mentioning the present addresses of such of the defendant's prospective witnesses as may be incarcerated." *Commonwealth* v. *Bolduc,* 6 Mass. App. Ct. 634, 639 (1980). We would add that the fact of incarceration of a prosecution witness should not be disclosed either.

When this case went to the jury, they knew that the defendant had had four potential witnesses of whom only one was called. The obligation to announce to the jury the identity of potential defense witnesses at the beginning of the trial forced the defendant to appear to take a position which he should not have been obliged to assume at that stage of a case. The result was that, when the evidence was concluded, the jury had reason to believe that the defendant knew of three people who could shed light on matters in contention and that the defendant, presumably in his own interest, elected not to bring these people forward. An inference adverse to the defendant could be drawn inappropriately from this circumstance. While we do not rule that the defendant was denied any Federal or State constitutional right, we conclude that, in fairness, proper practice does not permit requiring an unwilling defendant to announce his potential witnesses to the jury at the commencement of trial.

This threat to the defendant can readily be eliminated by the judge's identifying the potential witnesses of both parties at one time without stating whose potential witnesses they are.[2] In our experience, including our review of

---

[2] The Commonwealth in its brief observes that "[i]t may have been arguably preferable for the trial court judge to have read the names of the witnesses himself and that may be the prevailing practice."

numerous transcripts of criminal jury trials, judges have generally followed this practice in the course of selecting juries in criminal cases in the Superior Court. It should have been followed in this case.[3]

2. The Appeals Court ordered a new trial on the ground that the motion judge did not give proper consideration to the defendant's request for funds to meet the cost of an expert. The defendant asserted that his expert would testify concerning the significance of the absence of any trace of gunpowder residue on a blue jacket found near the place where the shots were exchanged with police officers. There was evidence that would have warranted a finding that the defendant had been wearing such a blue jacket that evening. The Appeals Court authorized the defendant on remand to renew his motion for allowance of the cost of an expert before a judge other than the motion judge who, if he denied the motion, would be obliged to "file written findings and reasons justifying his denial such as are contemplated by G. L. c. 261, §§ 27C(4) and 27D, as now in effect." *Commonwealth* v. *Bolduc*, 10 Mass. App. Ct. 637, 639 (1980). If the motion were denied (and, if an interlocutory appeal were taken from that denial, and the appeal were unsuccessful), the Appeals Court's order of a new trial would be anomalous. The Appeals Court's stated reason for the retrial would then simply not exist.

Because we decide that there must be a new trial on other grounds, we need not linger over what factors might appropriately be considered in passing on the motion seeking the cost of an expert in any posttrial hearing, nor, indeed, need we decide whether a new trial order would be more appropriate than an order for a posttrial hearing on the motion, such as was the case in *Commonwealth* v. *Lockley*, 381 Mass. 156, 164 (1980). We do agree with the Appeals Court that the absence of gunpowder residue on the jacket

---

[3] In some instances, of course, a defendant may not care whether this practice is followed because he knows that he will call the witnesses he openly identifies.

was relevant if an expert would have testified that the absence of residue tended to prove that a person wearing the jacket had not fired a gun at the police officers. The defendant may renew his motion and, if renewed, it should be considered in accordance with the directions in the Appeals Court's opinion and the principles set forth in *Commonwealth* v. *Lockley, supra* at 161-163.

3. We agree with the Appeals Court on the issues discussed in parts 2 and 3 of its opinion.

4. The judgments are reversed, the verdicts are set aside, and the case is remanded to the Superior Court for further proceedings.

*So ordered.*

NOLAN, J. I dissent. The defendant has not demonstrated here the slightest prejudice. He did not request the judge to give the jury an appropriate instruction. The assistant district attorney made no mention of the defendant's failure to call the witnesses whom he identified. The majority concede that there was no violation of a Federal or State constitutional right. Admittedly, for the future, the better practice calls for a reading of the names of the prospective witnesses without identifying the party who may call them.

There was no error in the motion judge's denial of the defendant's request for "extra fees and costs" (G. L. c. 261, § 27C, as appearing in St. 1978, c. 478, § 269) because there has been no showing that the interpretation of the test results was "reasonably necessary to prevent the party from being subjected to a disadvantage in preparing or presenting his case adequately." *Commonwealth* v. *Lockley,* 381 Mass. 156, 160-161 (1980).

The Commonwealth's case was strong, consisting, in part, of testimony of an eyewitness and cogent circumstantial evidence. A verdict based on this evidence should be left undisturbed unless there is a compelling reason to reverse. No such reason has surfaced in this case.