COMMONWEALTH vs. CHARLES T. PASCIUTI.

Middlesex. November 9, 1981. — December 28, 1981.

Present: GREANEY, ROSE, & PERRETTA, JJ.

*Practice, Criminal,* Disclosure of defense witnesses, Failure to make objection, Assistance of counsel, Discovery, Instructions to jury.

In a criminal case tried before the decision of this court in *Commonwealth v. Bolduc,* 383 Mass. 744 (1981), there was no reversible error in an order, to which no objection was made, requiring defense counsel to announce the names of his witnesses to the jury venire prior to empanelment; failure by defense counsel to object to the order did not deprive the defendant of effective assistance of counsel. [834-838]

To challenge the propriety of an order directing the defendant in a criminal case to disclose the names of his witnesses to the jury venire prior to empanelment, the defendant is required either to make a proper objection at trial or to demonstrate on appeal circumstances which would excuse him from making such an objection. [835-836]

The defendant in a criminal case was not entitled to a mistrial based on the prosecutor's failure to make formal and full disclosure of the victim's protective custody where all the pertinent facts were elucidated in a lengthy voir dire and were brought forcefully to the jury's attention thereafter in cross-examination of the victim and in defense counsel's closing argument. [838-839]

At the trial of a criminal case there was no error in the judge's instructions to the jury respecting a guilty plea made by a codefendant while the jury was deliberating, nor did defense counsel's failure to object to the instructions or to request additional instructions constitute ineffective assistance of counsel. [839-840]

INDICTMENTS found and returned in the Superior Court Department on July 1, 1980.

The cases were tried before *Silverman,* J., a District Court judge sitting under statutory authority.

*Michael F. Natola* for the defendant.

*Robert L. Rossi,* Assistant District Attorney, for the Commonwealth.

GREANEY, J.   Following a jury trial in the Superior Court, the defendant, Charles T. Pasciuti, was convicted on indictments charging assault and battery by means of two dangerous weapons (a knife and a handgun), unlawful possession of the knife, unlawful carrying of the handgun, and unlawful possession of ammunition.   The jury could have found that in the early morning hours of March 8, 1980, the victim, at the urging of Pasciuti, went to the home of one Delphine Van Tassel in Littleton, where Pasciuti robbed the victim of $200 in cash and a large quantity of controlled substances,[1] and assaulted him with a knife and a loaded handgun.   As a result of the incident, Miss Van Tassel was charged with being an accessory before the fact to the assaults.   She was tried together with Pasciuti and entered a guilty plea while the jury were deliberating.   Represented by new counsel on appeal, Pasciuti claims (1) that the judge erred in requiring trial counsel to name his witnesses to the jury venire; (2) that the prosecutor erred in withholding alleged exculpatory evidence called for by pretrial discovery; and (3) that the judge inadequately instructed the jury with respect to the withdrawal of Miss Van Tassel's case from their consideration.   We find no error and affirm the convictions.

1.   After the jury venire had been sworn but prior to empanelment, the trial judge asked the attorneys to introduce themselves and to name their witnesses.   The prosecutor introduced himself and identified eight witnesses for the Commonwealth.   Counsel for Van Tassel introduced himself and stated that the defense witnesses would be named by counsel for Pasciuti.   Pasciuti's attorney then introduced himself and announced the names of five witnesses which included the two defendants and one witness on the prosecutor's list.   None of the named defense witnesses was ultimately called, the defense instead electing to call only a clerk from the Ayer District Court.

---

[1] The victim was charged subsequently in a District Court with unlawful possession of a class B controlled substance with intent to distribute.

This case was tried prior to the Supreme Judicial Court's decision in *Commonwealth* v. *Bolduc*, 383 Mass. 744 (1981). In that case, the court reversed the conviction of a defendant who was compelled, over his specific objection, to announce the names of his witnesses to the jury venire prior to empanelment. As to that situation, the court held as follows: "While we do not rule that the defendant was denied any Federal or State constitutional right, we conclude that, in fairness, proper practice does not permit requiring an *unwilling* defendant to announce his potential witnesses to the jury at the commencement of trial" (emphasis supplied). *Id.* at 747.

In the present case, however, neither defense counsel made any objection when the judge called upon him to announce his witnesses to the jury venire. Nevertheless, Pasciuti now contends (a) that the holding in *Bolduc* requires the reversal of his convictions despite the lack of an objection, or (b) that if an objection was required, the failure of his trial attorney to make one amounted to ineffective assistance of counsel. We reject both contentions.

The rule established in *Bolduc* was specifically limited to the situation where the defendant is "unwilling" to disclose his potential witnesses. We believe that the inclusion of this limiting language must be read as requiring a defendant either to make a proper objection at trial or to demonstrate on appeal circumstances which would excuse the making of such an objection.[2] Ordinarily, the absence of an objection in such a situation would tend to indicate that defense counsel complied with the request as a matter of strategy or because he definitely intended to put on a defense. Thus, particularly in cases tried prior to *Bolduc*, a seasonable objection would have been the only effective method of ap-

---

[2] We note that this construction is consistent with the provisions of Mass. R. Crim. P. 22, 378 Mass. 892 (1979), which states the requirements of objections generally. See also *Commonwealth* v. *Harris*, 371 Mass. 462, 471 (1976); *Commonwealth* v. *McCreary, ante* 690, 696 (1981), Rule 8 of the Superior Court (effective September 1, 1980).

prising the trial judge that counsel wished to avoid the dilemma which might be posed by such advance disclosure. See *Commonwealth* v. *Bolduc, supra* at 747.

We recognize that the majority opinion in *Bolduc* appears to have left open the question whether an order requiring disclosure can be deemed to deny the defendant "any Federal or State constitutional right." Even assuming, however, that such an order infringes upon the defendant's right to a fair trial, we do not think that a reversal would be required if "the defendant did not sharply raise a constitutional objection" below, *Commonwealth* v. *Moore,* 379 Mass. 106, 111 (1979), in order to demonstrate his unwillingness to reveal his witnesses. Nor do we believe that any constitutional implications present in the *Bolduc* decision would help the defendant here, because the *Bolduc* rule would not appear to qualify for application to cases tried prior to the date of the decision under the specific criteria enumerated in *Reddick* v. *Commonwealth,* 381 Mass. 398, 400-402 (1980).

We therefore turn to Pasciuti's claim that his trial counsel's failure to object to the judge's order deprived him of effective assistance of counsel. To demonstrate ineffective assistance, a defendant must show both (1) "that the conduct of his trial counsel fell 'measurably below that which might be expected from an ordinary fallible lawyer,'" *Commonwealth* v. *Saferian,* 366 Mass. 89, 96 (1974), and (2) that "prejudice result[ed] therefrom," *Commonwealth* v. *Sellon,* 380 Mass. 220, 223 (1980), quoting from *Commonwealth* v. *Rondeau,* 378 Mass. 408, 412 (1979). If tactical or strategic judgments are called into question, the defendant must also show that the judgment was "manifestly unreasonable," *Commonwealth* v. *Adams,* 374 Mass. 722, 728 (1978), which typically means the loss of "an otherwise available, substantial ground of defence." *Commonwealth* v. *Saferian, supra.*

If trial counsel's failure to object was based on the assumption that it was proper practice to require advance disclosure of witnesses we would not deem that assumption

unreasonable. While the practice undoubtedly was not commonplace, it did occur. Thus, prior to the clarification provided by *Bolduc*, it could not be expected that every lawyer would have questioned the practice. At the very least, we would not consider it ineffective assistance for a lawyer to have lacked the prescience to do so.

Moreover, our examination of the entire transcript in the case discloses that the lack of an objection may well have been based on tactical judgment. Both Pasciuti and Van Tassel were represented by reasonably experienced trial counsel. Their compliance with the judge's order to name their witnesses could have aimed at countering any impressions made on the jury by the prosecutor's announcement of eight witnesses for the Commonwealth. It could also have been designed to defuse the force of the prosecutor's opening which was expected to depict a strong case against the defendants.

Further, there is nothing to indicate that defense counsel did not intend to call the witnesses named. Counsel may well have decided not to do so after the cross-examination of the victim revealed him to be a rather unsavory character whose credibility could be subject to serious doubt.[3] Following that cross-examination, counsel may have thought it the wiser strategy to focus the defense on the weaknesses of the victim's testimony, to forgo calling the witnesses originally named, and to call instead a clerk of the District Court where the drug charge against the victim was pending to confirm the nature of the charge and the unusual number of continuances that had been granted. In pursuing that strategy, counsel could also have expected that the judge's closing instructions would minimize any adverse im-

---

[3] In cross-examination, it was shown that the victim may have been a major drug dealer, that he might have engaged in illegal gun running, that he had been held in protective custody, that the drug indictment against him (see note 1, *supra*) was still pending and had been continued a number of times, and that he usually walked around armed with a loaded pistol and a concealed buck-knife fitted with a brass knuckle grip.

pression which might still have lingered with the jury,[4] ten days after the commencement of the trial, regarding the status of witnesses named but not called. Present counsel has also failed to show us how an objection might have changed the result in the case or contributed materially to the more than adequate defense that was furnished. See *Commonwealth* v. *Satterfield*, 373 Mass. 109, 115 (1977); *Cepulonis* v. *Commonwealth*, 384 Mass. 495, 502 (1981). We conclude, upon study of the whole record, that trial counsel's actions did not constitute ineffective assistance and that, if counsel's failure to object to the judge's request was tactically grounded, his underlying judgment was not manifestly unreasonable. *Commonwealth* v. *Adams, supra* at 730. *Commonwealth* v. *Rondeau, supra* at 412. *Commonwealth* v. *Sellon, supra* at 223-226.

2. The denial of Pasciuti's motion for a mistrial based on the alleged breach of discovery was proper.

At the outset, we emphasize that the prosecutor who prepared the case should have disclosed to defense counsel the facts that the victim had been placed in protective custody shortly after the incident, that he was still in custody at the time of trial, that he was being furnished with living expenses by the Commonwealth, and, if the prosecutor was aware of it, that there had been some discussion with Federal authorities about the victim's being placed in the Federal witness protection program. While defense counsel may have been aware of the bare fact of protective custody, they appear not to have been aware of all the details surrounding it. We view the disclosure of the fact and details of protective custody as falling within the scope of the pretrial discovery motion filed in the case and as discoverable under Mass. R. Crim. P. 14 (a) (1) (C), 378 Mass. 874 (1979), since that information might furnish "some

---

[4] The judge gave adequate instructions on the presumption of innocence and reasonable doubt which indicated the lack of any burden on the defendants to present evidence or to disprove the charges.

significant aid to the defendant's case . . . [by affording a basis to] challenge[ ] the credibility of a key prosecution witness." *Commonwealth* v. *Ellison*, 376 Mass. 1, 22 (1978).

Despite the lack of formal and full disclosure, however, all the pertinent facts were elucidated in the lengthy voir dire permitted defense counsel by the judge. These facts were also brought forcefully to the jury's attention thereafter in cross-examination of the victim and in defense counsel's closing arguments. "As the evidence involved here went primarily to [the victim's] credibility, we hold that ultimate and effective presentation of the evidence to the jury cured any error that might otherwise have existed."[5] *Commonwealth* v. *Adrey*, 376 Mass. 747, 755 (1978), and cases cited. See *United States* v. *Kaplan*, 554 F.2d 577, 580 (3d Cir. 1977); *United States* v. *Colyer*, 571 F.2d 941, 948 (5th Cir.), cert. denied, 439 U.S. 933 (1978); *United States* v. *Strahl*, 590 F.2d 10, 12-13 (1st Cir. 1978), cert. denied, 440 U.S. 918 (1979).

3. The judge accepted Miss Van Tassel's guilty plea to the accessory indictment while the jury were deliberating and thereafter instructed them as noted in the margin.[6] Trial counsel for Pasciuti did not object to the instruction or request any further instructions. Appellate counsel now argues that the instruction given was deficient because it failed to caution the jury specifically that the codefendant's

---

[5] In any event, based on the testimony of the victim and the complaining police officer, we cannot conclude that the victim had, in fact, been promised any favorable treatment in connection with his pending drug complaint in exchange for his testimony against Pasciuti. The defendant's claims to the contrary have not been established by the evidence. Thus, while the facts pertaining to protective custody should have been disclosed in response to the defendant's motion, there does not appear to have been any actual promise to the victim which should also have been disclosed.

[6] "Mr. Foreman and Ladies and Gentlemen of the jury. The indictment against Mrs. Delphine Van Tassel is being withdrawn from further consideration by the jury panel. When you return to the jury room Mr. Foreman will return that indictment to the Court Officer to be returned to the Court. You will, however, continue your deliberations insofar as the indictments against Mr. Pasciuti are concerned."

guilty plea should not have an effect on the outcome of Pasciuti's case. It is therefore claimed that trial counsel was ineffective because he did not object to the instruction or request additional instructions.

The judge's instruction gave no intimation that Miss Van Tassel had pleaded guilty. Nor did the instruction imply anything improper with respect to the relationship between the withdrawal of her case from further consideration and the status of Pasciuti's case.[7] We see no basis for holding that the trial judge's handling of the matter before the jury constituted error. See *Commonwealth* v. *Williams*, 378 Mass. 217, 228-229 (1979). Moreover, trial counsel for Pasciuti may reasonably have felt that any further embellishment of the instruction would only serve to disclose and emphasize the circumstances concerning Miss Van Tassel's absence from the trial. See *United States* v. *Crosby*, 294 F.2d 928, 948 (2d Cir. 1961), cert. denied sub nom. *Meredith* v. *United States*, 368 U.S. 984 (1962). Since counsel was apparently content with the instruction given, we think that his failure to object or to seek further instruction also falls within the category of reasonable tactical judgment. No basis exists on the point for declaring this aspect of the defendant's representation ineffective.

*Judgments affirmed.*

---

[7] Of course, it would have been proper for the judge even without a request to have advised the jury that they should not speculate about the reason for the withdrawal, that the withdrawal should not influence their verdict with reference to Pasciuti, and that they should base their verdict in his case solely on the evidence against him.