DERRICK MORRISSETTE *vs.* COMMONWEALTH.

Suffolk. January 8, 1980. — March 21, 1980.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, LIACOS, & ABRAMS, JJ.

*Supreme Judicial Court,* Superintendence of inferior courts. *Grand Jury. Practice, Criminal,* Grand jury proceedings.

This court declined to exercise its powers under G. L. c. 211, § 3, to order an indictment dismissed because of the alleged insufficiency of the evidence presented to the grand jury where the parties had not agreed in affidavits or stipulations as to the evidence to be presented at trial. [198-200]

This court declined to exercise its powers under G. L. c. 211, § 3, to order an indictment dismissed upon a claim that the grand jury's integrity had been impaired by the prosecutor's countenancing of testimony indicating that probable cause had been found in the District Court. [200]

PETITION filed in the Supreme Judicial Court for the county of Suffolk on July 17, 1979.

The case was heard by *Wilkins,* J.

*John L. Holgerson* for the plaintiff.

*Robert Kane,* Assistant District Attorney, for the Commonwealth.

HENNESSEY, C.J.   This is an appeal from a judgment of a single justice dismissing a petition for extraordinary relief brought by the petitioner (hereinafter called the defendant) pursuant to G. L. c. 211, § 3.[1]   In this pretrial petition, the defendant challenges the sufficiency of the evidence pre-

---

[1] General Laws c. 211, § 3, as appearing in St. 1973, c. 1114, § 44, provides in pertinent part: "The supreme judicial court shall have general superintendence of all courts of inferior jurisdiction to correct and prevent errors and abuses therein if no other remedy is expressly provided; and it may issue all writs and processes to such courts . . . which may be necessary to the furtherance of justice and to the regular execution of the laws."

sented to the grand jury, which indicted him for having wilfully and maliciously burned a building in violation of G. L. c. 266, § 2. He further asserts that the prosecutor's countenancing of testimony indicating that probable cause had been found in the District Court impaired the grand jury's integrity. We conclude that this is not an appropriate case in which to exercise our extraordinary powers under G. L. c. 211, § 3. Accordingly, we affirm the single justice's denial of the defendant's petition.

It is well settled that we will not ordinarily review interlocutory rulings in criminal cases under G. L. c. 211, § 3, "since the rights of criminal defendants are generally fully protected through the regular appellate process." *Costarelli* v. *Commonwealth,* 374 Mass. 677, 679 (1978). To obtain review, a defendant must demonstrate both a substantial claim of violation of his substantive rights and irremediable error, such that he cannot be placed in statu quo in the regular course of appeal. *Id. Rosenberg* v. *Commonwealth,* 372 Mass. 59, 61 (1977). *Gilday* v. *Commonwealth,* 360 Mass. 170, 171 (1971).

In an attempt to come within this two-pronged test, the defendant argues (1) that he was denied his substantive right to a proper indictment as a condition precedent to a Superior Court trial and (2) that a postconviction appeal is inadequate to protect this substantive right because the right allegedly infringed is that of not being tried at all except upon satisfaction of the condition precedent. The defendant's attempt fails, however, on both grounds.

"[T]here is undeniable weight to the argument that, where it is clear by reason of established facts and established law that the defendant cannot be convicted, the Commonwealth and the defendant should not be put to the trouble and expense of a trial." *Commonwealth* v. *Hare,* 361 Mass. 263, 269 (1972). However, assuming that such a concern may in some circumstances rise to the level of a substantive right, as urged by the defendant, it does not do so in a case like the instant one where it is not "clear by reason of

established facts" that the defendant cannot be convicted.[2] The parties have not agreed in affidavits or stipulations as to the evidence to be presented at trial. See *Commonwealth* v. *Brandano,* 359 Mass. 332, 337 (1971). We have previously stated that "[a] pre-trial order or judgment of dismissal for the claimed insufficiency of the Commonwealth's evidence cannot be sustained in any case where the Commonwealth failed or refused to stipulate that the appellate record contains a statement of all the Commonwealth's contemplated evidence."[3] *Rosenberg* v. *Commonwealth, supra* at 63. *Commonwealth* v. *Robinson,* 373 Mass. 591, 594 (1977). To hold otherwise would, in some cases, permit disruptive delays in criminal trials, see *Commonwealth* v. *Cavanaugh,* 366 Mass. 277, 279 (1974), and deny the prosecution an opportunity to establish evidence of guilt "by compelling testimony at the trial from witnesses who were not cooperative prior to trial." *Rosenberg* v. *Commonwealth, supra* at 63.

In addition, there is no showing by the defendant here of irremediable error within the meaning of *Gilday* v. *Commonwealth, supra,* and subsequent cases, which entitles the plaintiff to extraordinary pretrial relief under our c. 211,

---

[2] The defendant's reliance on *Myers* v. *Commonwealth,* 363 Mass. 843 (1973), and *Corey* v. *Commonwealth,* 364 Mass. 137 (1973), is misplaced. We have previously emphasized that the statutes construed in those cases "have no bearing on proceedings before a grand jury." *Commonwealth* v. *Gibson,* 368 Mass. 518, 525-526 n.2 (1975). Moreover, indictment by grand jury cannot be termed a "critical stage" of a criminal proceeding so as to require a defendant's participation consonant with procedural due process. *Id. Lataille* v. *District Court,* 366 Mass. 525, 531 n.7 (1974). See *Hurtado* v. *California,* 110 U.S. 516 (1884).

[3] A dictum in *Commonwealth* v. *St.Pierre,* 377 Mass. 650, 655-656 (1979), suggests that dependence upon hearsay testimony failing to attain the level of probable cause necessary to support an arrest or search warrant might constitute "extraordinary circumstances" rendering an indictment vulnerable. Nothing in that opinion, however, requires a pretrial appellate consideration of an indictment's alleged deficiencies. Nor does *Commonwealth* v. *Whitehead,* 379 Mass. 640, 649 (1980). ("If the indictment . . . could be attacked for absence of proof before the grand jury . . ., that had to be done with dispatch"), require such.

§ 3, powers. The rights of the defendant as to the alleged errors are capable of full protection through the regular appellate process.

Similarly, the claim of prosecutorial misconduct fails to qualify for the extraordinary remedy afforded by G. L. c. 211, § 3. The defendant claims that a witness' statement that probable cause had previously been found in the District Court should be attributed to the prosecution as an attempt to influence unduly the grand jury. See *Commonwealth* v. *Favulli,* 352 Mass. 95, 106 (1967); *Attorney Gen.* v. *Pelletier,* 240 Mass. 264, 306-310 (1922). Even were we to assume arguendo that the statement could be attributed to the prosecution, the defendant has not shown that the statement was deceitful, misleading, or coercive. Indeed, we consider it appropriate for a grand jury to be told that probable cause has been found, so long as the grand jurors are instructed that such a finding must not interfere with their independent evaluation of the facts. In the absence of facts requiring another conclusion, we shall assume that such an instruction was given. See *Commonwealth* v. *Ventura,* 294 Mass. 113, 121 (1936). Accordingly, the testimony in question did not invade the province of the grand jury so as to violate any substantive right belonging to the defendant. Moreover, even assuming, contrary to fact, that the evidence was improper, the error was capable of correction in the regular course of trial and appeal.

Having concluded that the defendant has failed to allege facts which would entitle him to relief under G. L. c. 211, § 3, we affirm the judgment denying the defendant's petition. Further proceedings consistent with this opinion are to be had in the Superior Court.

*So ordered.*