ROYAL W. HADFIELD, JR., & others[1] vs. COMMONWEALTH.

Suffolk. May 7, 1982. — August 25, 1982.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Supreme Judicial Court,* Superintendence of inferior courts. *Grand Jury.*
*Practice, Criminal,* Grand jury proceeding, Probable cause hearing.

Criminal defendants could not properly invoke the supervisory power of
this court under G. L. c. 211, § 3, to obtain dismissal of indictments
pending against them in the Superior Court, where the issues which
they sought to raise, namely, that the grand jury which returned the
indictments had been summoned at a time and in a manner not per-
mitted by statute, and that the district attorney had impermissibly
sought the indictments for the purpose of depriving the defendants of a
probable cause hearing, were, in the circumstances, amenable to con-
sideration in the regular course of appellate review in the event of con-
victions. [255-257]

CIVIL ACTION commenced in the Supreme Judicial Court
for the county of Suffolk on January 25, 1982.

The case was heard by *Nolan,* J.

*Thomas Lesser* for Royal W. Hadfield, Jr., & others.

*Stephen R. Kaplan,* Assistant District Attorney, for the
Commonwealth.

HENNESSEY, C.J. The plaintiffs, defendants in a criminal
action (hereinafter, defendants), commenced an action
under G. L. c. 211, § 3, seeking from a single justice of this
court the dismissal of indictments charging them with traf-
ficking in marihuana, and with related conspiracies. The
cases have not yet been tried on the merits. After hearing,
the single justice denied relief and dismissed the action, and
the defendants appealed to the full court. The defendants
seek relief on the basis that (1) the grand jury that returned

[1] Helen Hadfield and Robert E. Hadfield.

the indictments sat at a time prohibited by G. L. c. 277, § 1; (2) the grand jury was not called by the Administrative Justice for the Superior Court Department, as required by Mass. R. Crim. P. 5 (a), 378 Mass. 850 (1979); and (3) the grand jury proceeding deprived them of an equal right to a probable cause hearing in violation of art. 12 of the Massachusetts Declaration of Rights and the defendants' State and Federal constitutional right to due process and equal protection of the laws. We affirm the judgment of the single justice dismissing the action.

Before seeking relief in this court, the defendants filed motions in the Superior Court to dismiss the indictments. A judge of the Superior Court held an evidentiary hearing and denied the motions. The judge's findings of fact are included in the record before us, and we summarize the most significant findings as follows.

On September 28, 1980, the three defendants were arrested at the home of Royal and Helen Hadfield. Royal and Helen are husband and wife, and Robert Hadfield is Royal's brother. On the same day the police seized a large quantity of newly harvested marihuana which was found on the premises. Complaints were issued out of the District Court of Franklin, and the defendants were arraigned in the District Court on September 30, 1980. On that date the cases were continued for a pretrial conference on November 4, 1980.

At the pretrial conference it was plain from the colloquy between the prosecutor and defense counsel that the defendants sought an early probable cause hearing and that the prosecutor preferred that no early hearing be held. The judge set November 24, 1980, as the date for the probable cause hearing. January, 1981, was the next regular sitting of the Superior Court in that county. Nevertheless, at some time prior to November 21, 1980, the district attorney wrote to the clerk of the Superior Court in Franklin County and asked him to call in the grand jury to hear several cases on November 21. The clerk did so. The regional administrative judge of the Superior Court for that area of the Com-

monwealth was thereafter advised that the grand jury had been called in for that day and, at the request of either the district attorney or the clerk of courts, he requested another Superior Court judge, who was then sitting in Springfield, to send out the grand jury and to take their report. The judge performed those functions and he was also available throughout the proceedings, on less than a one-hour telephone notice, to render any assistance requested by the grand jury. On November 21, 1980, the grand jury returned the indictments which are here in issue. The District Court complaints were subsequently nol prossed or dismissed without a probable cause hearing having been held.

The defendants argue that the grand jury sat at a time forbidden by statute and that the indictments are thus without legal effect. Specifically, they contend that G. L. c. 212, § 14, requires "regular" sittings of the Superior Court in Franklin County; that those regular sittings have been established for September, January, March, and May, and may not be changed except upon public notice as required by G. L. c. 212, § 14A; and that the grand jury is required to attend only at such sittings, G. L. c. 277, § 1. The defendants further argue that the statutory provisions were not nullified or modified by Mass. R. Crim. P. 5(a), which states that the grand jury "shall be called upon and directed to sit by the Administrative Justice for the Superior Court Department whenever within his discretion the conduct of regular criminal business and timely prosecution within a particular county so dictate."

The defendants also contend that the provisions of rule 5 (a) make it clear that the grand jury could not legally be convened at the call of the district attorney, but only at the call of the Administrative Justice.

Finally, the defendants rely upon the Superior Court judge's findings that the district attorney selected the date for convening the grand jury in order to avoid the necessity for a probable cause hearing in the District Court. They argue that at such a hearing they would have been able to develop evidence of a warrantless and illegal search which

resulted in seizure of the drugs. They cite cases to establish that the probable cause hearing is a critical stage of the criminal process. See *Myers* v. *Commonwealth*, 363 Mass. 843, 847 (1973). The defendants appear to argue that their constitutional rights were violated by this sequence of events, but they cite no authority for that premise.

The dispositive issue here is whether the defendants have shown that they are entitled to extraordinary interlocutory relief. General Laws c. 211, § 3, as appearing in St. 1973, c. 1114, § 44, provides, in so far as it is relevant here, that this court has "general superintendence of all courts of inferior jurisdiction to correct and prevent errors and abuses therein if no other remedy is expressly provided." To succeed, the defendants must demonstrate both a substantial claim in violation of their substantive rights and error that cannot be remedied under ordinary appellate processes. *Morrissette* v. *Commonwealth*, 380 Mass. 197, 198 (1980). We think they have not made such a showing. On the contrary, if they are convicted, they can be placed "in statu quo in the regular course of appeal." *Id.*[2]

---

[2] We exercise our powers under G. L. c. 211, § 3, sparingly, to prevent irreparable loss of significant rights when the normal course of trial and appeal will not provide adequate protection, or to resolve pressing, recurrent issues of proper administration of justice. See *Morrissette* v. *Commonwealth*, 380 Mass. 197, 198-199 (1980); *Gilday* v. *Commonwealth*, 360 Mass. 170, 171 (1971). Compare *Elder* v. *Commonwealth*, 385 Mass. 128, 132-133 (1982) (protection against double jeopardy would be nullified if defendant required to proceed to trial); *A Juvenile* v. *Commonwealth (No. 1)*, 380 Mass. 552, 555-556 (1980) (procedures at juvenile transfer hearing raised pressing questions of relationship between departments of Trial Court).

The Federal courts, also, are severely limited as to pretrial appeals, as shown by the following language of the United States Supreme Court: "We do not reach the question of prosecutorial vindictiveness, for we hold that the Court of Appeals was without jurisdiction under 28 U.S.C. § 1291 to review the District Court's interlocutory order refusing to dismiss the indictment. Congress has limited the jurisdiction of the Courts of Appeals to 'final decisions of the district courts.' 28 U.S.C. § 1291. This Court has long held that the policy of Congress embodied in this statute is inimical to piecemeal appellate review of trial court decisions which do not terminate the litigation, and that this policy is at its

The grand jury which returned these indictments was regularly chosen; was acting during its regular one-year tenure of service (see G. L. c. 277, § 1); and was instructed by a Superior Court judge, who later received the return of the indictments, and who was available at all times to assist them if needed. There is no suggestion of additional, more substantive problems, such as insufficient evidence to warrant the return of the indictment, and even then the defendant would not necessarily be entitled to relief under c. 211, § 3. See *Morrissette, supra.* Cf. *Commonwealth* v. *McCarthy,* 385 Mass. 160 (1982). If the indictments were now dismissed, it appears that the defendants would be susceptible to valid reindictments. If convictions should ensue after trial on the present indictments, the defendants, in arguing on appeal that there should be reversals by reason of the irregularities at issue here, may well also argue that reindictment or further prosecution is barred by principles of former jeopardy. All things considered, the defendants do not persuade us that we should act, under G. L. c. 211, § 3, to prevent their trial on these indictments. We do not reach, or make comment on, the merits of their arguments as to the irregularities relating to the grand jury. Those issues may be reviewed in regular course if and when these defendants are convicted on these charges and seek appellate review.

Nor are the defendants entitled to interlocutory relief because, as they argue, the district attorney impermissibly, and by contrivance, deprived them of a probable cause hearing which had been ordered by a District Court judge. While the probable cause hearing is a critical stage of the criminal process (see *Myers* v. *Commonwealth,* 363 Mass. 843, 847 [1973]; G. L. c. 276, § 38), it is the rule in this Commonwealth that the pendency of a criminal matter in a District Court does not ordinarily preclude a prosecutor from seeking an indictment for the same offense. *Commonwealth* v. *Raposa,* 386 Mass. 666, 668 (1982).

---

strongest in the field of criminal law . . . ." *United States* v. *Hollywood Motor Car Co.,* 458 U.S. 263, 264-265 (1982).

We do not say that the prosecutor's privilege thus to circumvent District Court proceedings is without limit, particularly in a case like this where a strong argument is offered that the course followed by the district attorney was an "act of effrontery to the District Court," an "obstruction of the criminal process" and "waste of judicial resources." *Id.* at 668 n.6., 669 n.8. Compare *Commonwealth* v. *Thomas*, 353 Mass. 429, 432 (1967); *Myers* v. *Commonwealth, supra* at 857.[3] Nevertheless, this issue, too, more properly should await regular appellate review, if and when that occurs. We especially have in mind that the defendants represent that their efforts at a probable cause hearing would aim at a showing that the police conducted an illegal search. We perceive no reason why full exploration of that issue cannot be achieved at a pretrial hearing pursuant to a motion to suppress the physical evidence.

*Judgment affirmed.*

---

[3] We note that in *Myers* the relief granted by this court was the ordering of a new probable cause hearing, since the procedures followed there had resulted in the truncating of the original hearing and a denial of the defendant's privilege to explore the evidence. *Myers* v. *Commonwealth*, 363 Mass. 843, 857-858 (1973).