# RESCRIPT OPINIONS.

ROBERT M. LAYNE *vs.* COMMONWEALTH. February 6, 1984. *Supreme Judicial Court,* Superintendence of inferior courts.

Robert M. Layne appeals from an order of a single justice of this court denying him relief pursuant to G. L. c. 211, § 3. He claims, inter alia, that he has a substantial claim of an important right that is being violated by an interlocutory order of the Appeals Court and that an appeal is inadequate to preserve his right. Underlying this appeal is a complex postconviction history of attempts by the defendant to vacate sentences imposed as the result of his convictions of various offenses in the Superior Court in 1972. Much of the procedural history of the case is set forth in *Commonwealth* v. *Layne,* 386 Mass. 291 (1982), and need not be repeated here. In *Layne, supra,* we considered various appeals by the defendant and the Commonwealth as to rulings of the trial judge on September 11, 1981. Ruling only on the Commonwealth's appeal, we concluded that the judge's September 11, 1981, order revising a sentence imposed on indictment 47442 (kidnapping) was in error.

Pending before the Appeals Court are appeals from certain earlier posttrial rulings of the trial judge, ordered on September 22, 1980, revising the sentence on the same indictment. The Appeals Court determined that the record before it was inadequate to determine the issues, and, on February 7, 1983, remanded the matter to the trial judge to "provide a fuller explanation of his actions" and to "state his reasons therefor." The trial judge recused himself before taking any further action. Another judge was assigned to hear the matter. The Appeals Court modified its order on March 2, 1983, to require the successor judge to perform the same duties. It is from the refusal of the Appeals Court to vacate that subsequent order that the defendant sought relief under G. L. c. 211, § 3. Much of his argument here is as to the impropriety of the Appeals Court order. That issue is not before us. The issue before us is whether the single justice of this court abused his discretion or committed error of law in refusing to vacate the order of the Appeals Court. *Commonwealth* v. *Curtis,* 388 Mass. 637, 646 (1983). *Commonwealth* v. *Langton,* 389 Mass. 1001, 1002 (1983).

Relief under G. L. c. 211, § 3, is to be given sparingly, and only where a party has no other remedy. *Hadfield* v. *Commonwealth,* 387 Mass. 252, 255 n.2 (1982). G. L. c. 211, § 3. Interlocutory appeals under G. L.

c. 211, § 3, will not ordinarily be allowed in criminal cases. The defendant here has failed to demonstrate either a substantial claim of violation of his rights or an irremediable error. See *Morrissette* v. *Commonwealth*, 380 Mass. 197, 198 (1980). Nor has he demonstrated any error of law or abuse of discretion by the single justice.

*Order affirmed.*

The case was submitted on briefs.

*Lois M. Lewis* for Robert M. Layne.

*John J. Conte*, District Attorney, & *Daniel F. Toomey*, Assistant District Attorney, for the Commonwealth.

