SHAUN W. CRIMMINS *vs.* COMMONWEALTH. February 16, 1984. *Supreme Judicial Court*, Superintendence of inferior courts.

We affirm the orders of a single justice of this court denying Crimmins's (defendant's) petition pursuant to G. L. c. 211, § 3, for a review of an interlocutory order of a judge in the Superior Court and denying his motion for a stay of the proceedings pending appeal. The defendant advances no argument to support his appeal from the denial of his motion for a stay and, therefore, we do not consider it.

After being indicted for distributing and conspiracy to distribute heroin under G. L. c. 94C, §§ 32 (a) and 40, the defendant was examined pursuant to G. L. c. 111E, § 10, to determine whether he was a drug dependent person eligible for assignment to a treatment facility. A Superior Court judge then denied his motion that he be so assigned. After this

court's decision in *Commonwealth* v. *Gagnon*, 387 Mass. 567, S.C., 387 Mass. 768 (1982), cert. denied, 461 U.S. 921 and 464 U.S. 815 (1983), so much of the indictments that charged more than unlawful possession of a controlled substance or conspiracy thereof were dismissed. The defendant then renewed his motion for assignment to a treatment facility. Another Superior Court judge denied the motion. He then appealed to this court under G. L. c. 211, § 3, arguing that the second Superior Court judge was obligated under G. L. c. 111E, § 10, to assign him to a drug treatment center. A single justice ruled that the Legislature did not intend that a person charged with conspiracy to sell heroin be entitled to assignment to a drug treatment facility as a matter of right under G. L. c. 111E, § 10, even if he were found to be a drug dependent person, and the single justice denied the defendant's petition.

We have frequently stated that this court exercises its powers under G. L. c. 211, § 3, sparingly to prevent irreparable loss of significant rights when the normal course of trial and appeal will not provide adequate protection or to resolve pressing, recurrent issues of proper administration of justice. *Hadfield* v. *Commonwealth*, 387 Mass. 252, 255 (1982). *Morrissette* v. *Commonwealth*, 380 Mass. 197, 198 (1980). *Gilday* v. *Commonwealth*, 360 Mass. 170, 171 (1971). The defendant has failed to demonstrate any substantial violation of his rights or irremediable error precluding his being placed in status quo in the regular course of appeal. *Morrissette* v. *Commonwealth, supra.* See *Healy* v. *First Dist. Court of Bristol*, 367 Mass. 909 (1975). The issues in this case should await regular appellate review, if and when that occurs. *Hadfield* v. *Commonwealth, supra* at 257.

*Orders affirmed.*

The case was submitted on briefs.

*Alvin Jack Sims* for the defendant.

*William C. O'Malley*, District Attorney, & *John P. Corbett*, Assistant District Attorney, for the Commonwealth.

