ROBERT P. VENTRESCO vs. COMMONWEALTH.

Suffolk. November 5, 1990. - January 9, 1991.

Present: LIACOS, C.J., WILKINS, ABRAMS, & LYNCH, JJ.

*Supreme Judicial Court*, Superintendence of inferior courts. *Practice, Criminal*, Appeal, Grand jury proceedings. *Grand Jury*.

A criminal defendant did not demonstrate that denial of his motion to dismiss the indictments against him was a violation of his substantive rights and an error that could not be remedied through the normal appellate process; accordingly a single justice properly denied relief pursuant to G. L. c. 211, § 3. [83-85]

In the circumstances of a criminal case, this court expressed its views that a grand jury's twenty-month session was not unconstitutionally long; its term was properly extended by a judge pursuant to G. L. c. 277, § 1A; and certain challenged indictments it returned were within the scope of the grand jury's authority under G. L. c. 277, § 1A. [85-88]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on January 18, 1990.

The case was heard by *Greaney, J.*

*Willie J. Davis (Frances L. Robinson* with him) for Robert P. Ventresco.

*Leonard J. Henson*, Assistant District Attorney (*James P. McKenna*, Assistant District Attorney, with him) for the Commonwealth.

ABRAMS, J. A Suffolk County grand jury indicted Robert P. Ventresco on charges of conspiracy, falsifying motor vehicle registrations, and conflict of interest. Ventresco filed a motion to dismiss the indictments, which was denied. Ventresco then sought relief pursuant to G. L. c. 211, § 3. The single justice denied relief. We affirm the judgment of the single justice.

On April 6, 1987, the Suffolk County grand jury began an investigation into illegal towing activities of State agencies,

the city of Boston, and private companies. Before the grand
jury's initial ninety-day term expired, the Superior Court al-
lowed the Commonwealth's request to extend the term until
the investigation was complete. On December 29, 1988, the
grand jury returned three indictments against Ventresco.
Pursuant to Mass. R. Crim. P. 13, 378 Mass. 871 (1979),
Ventresco moved to dismiss the indictments because (1) the
grand jury was extended for an inordinately long time in vio-
lation of his constitutional rights; (2) the extension was
granted under an inapplicable statute; and (3) the indict-
ments were a "new matter" which the grand jury was not
authorized to investigate during the extension of its term.
The trial judge denied the motion to dismiss.

Ventresco then filed a complaint pursuant to G. L. c. 211,
§ 3, raising the same issues. The single justice denied relief,
and Ventresco appeals. We affirm the judgment of the single
justice. The denial of a motion to dismiss pursuant to Mass.
R. Crim. P. 13 is not appealable by a defendant until after
trial.[1] General Laws c. 211, § 3, may not be used to circum-
vent our rule. There is a two-part test to identify those lim-
ited circumstances under which we will review interlocutory
matters under c. 211, § 3. "To obtain review, a defendant
must demonstrate both a substantial claim of violation of his
substantive rights and irremediable error, such that he can-
not be placed in statu quo in the regular course of appeal."
*Morrissette* v. *Commonwealth*, 380 Mass. 197, 198 (1980).
A single justice of this court, however, may decide or may
reserve and report an issue raised by a complaint pursuant to
G. L. c. 211, § 3. Unless the single justice determines that
the denial of a motion to dismiss meets this standard and
either decides the issue or reports the matter to the full
court, a defendant cannot receive review under that statute
of the denial of a motion to dismiss. General Laws c. 211,
§ 3, is not a substitute for normal appellate review of inter-

---

[1]Because the allowance of a motion to dismiss ends the Commonwealth's
prosecution, it has the right to appeal the allowance of a motion to dismiss.
See Mass. R. Crim. P. 15 (b) (1), 378 Mass. 882 (1979). See, e.g., *Com-
monwealth* v. *Fitta*, 391 Mass. 394, 398 (1984).

locutory orders. See *Morrissette* v. *Commonwealth, supra* at 198; *Francis* v. *District Attorney for the Plymouth Dist.*, 388 Mass. 1009, 1010 (1983); *Giacobbe* v. *First Coolidge Corp.*, 367 Mass. 309, 312 (1975). "The supervisory power of this court is used sparingly." *Soja* v. *T.P. Sampson Co.*, 373 Mass. 630, 631 (1977).

In Ventresco's case, the single justice determined that under the authority of *Morrissette, supra*, Ventresco was not entitled to relief pursuant to c. 211, § 3. In *Morrissette*, the defendant sought interlocutory review of the sufficiency of the evidence on which a grand jury indicted him. He argued that he fulfilled the requirements of the two-prong test because "(1) . . . he was denied his substantive right to a proper indictment as a condition precedent to a Superior Court trial and (2) . . . a postconviction appeal is inadequate to protect this substantive right because the right allegedly infringed is that of not being tried at all except upon satisfaction of the condition precedent." *Id.* at 198. We denied relief, holding that the defendant had no such substantive right because he could not show that the evidence the Commonwealth would introduce at trial was insufficient to convict.[2] We also said that a claim of such error could be raised through the normal appellate process.

Ventresco attempts to distinguish this case from *Morrissette* because his claim is based on the grand jury's lack of neutrality, rather than on the insufficiency of the evidence before it. There is nothing in the record before us that in any way impugns the neutrality of the grand jurors.

Our cases support the judgment of the single justice. In *Morrissette*, we looked to the potential evidence to be intro-

---

[2]Ventresco relies in part on *Commonwealth* v. *McCarthy*, 385 Mass. 160 (1982), to establish a right not to be tried on an improper indictment. In *McCarthy*, we ordered an indictment dismissed where no evidence of criminality was presented to the grand jury. The review in *McCarthy*, however, was on appeal after trial. Rather than demonstrating the existence of the claimed substantive right, *McCarthy* is an example of how Ventresco's complaints can be remedied through the normal appellate process.

duced at trial, not at the evidence which was introduced before the grand jury. Only if there clearly were going to be insufficient evidence at trial to convict would we have considered the defendant's claimed substantive right not to be tried. "[A] criminal defendant who presents a double jeopardy claim of substantial merit is entitled to review of that claim before the second trial 'under our general superintendence power.'" *Fadden* v. *Commonwealth*, 376 Mass. 604, 606 (1978), quoting *Costarelli* v. *Commonwealth*, 374 Mass. 677, 680 (1978). Ventresco has made no showing that he has a constitutional right not to be tried. In *Hadfield* v. *Commonwealth*, 387 Mass. 252 (1982), the defendants in a criminal action claimed that they were indicted by a grand jury sitting at a time forbidden by statute and that the indictments were therefore without legal effect. We held that these claims, if true, could be effectively addressed on appeal. "If the indictments were now dismissed, it appears that the defendants would be susceptible to valid reindictments. If convictions should ensue after trial on the present indictments, the defendants, in arguing on appeal that there should be reversals by reason of the irregularities at issue here, may well also argue that reindictment or further prosecution is barred by principles of former jeopardy." *Id.* at 256. The same prospects confront Ventresco. Because he has not shown a substantive right that could not be remedied through the normal appellate process, we affirm the single justice's denial of relief under G. L. c. 211, § 3.

Although we are not required to address the merits of Ventresco's claims, we nevertheless briefly set forth our views since the parties have briefed and argued the issues involved. Our consideration of the merits supports our conclusion that c. 211, § 3, relief was properly denied. First, Ventresco's contention that the nearly twenty-month session of the grand jury violated his constitutional guarantee of a neutral grand jury is unsupported. He does not cite any case in which an indictment was invalidated on constitutional grounds because of the length of a grand jury's tenure. Moreover, Federal laws, which unlike our State laws, contain definite time peri-

ods beyond which a grand jury may not sit, allow terms longer than the one in this case. See Federal R. Crim. P. 6 (g) (grand jury may serve eighteen months and be extended six months); 18 U.S.C. § 3381 (a) (1988) (special grand jury may serve up to thirty-six months). The term of this grand jury was not unconstitutionally long.

Second, there was sufficient statutory authorization for the order extending the grand jury. The court ordered the extension pursuant to G. L. c. 277, § 1A. Ventresco contends that G. L. c. 234A, § 41, superseded c. 277, § 1A, and that therefore the extension was unauthorized and void. Thus, Ventresco concludes, the grand jury lacks the authority to return valid indictments. We do not agree.

"Where two statutes deal with the same subject they should be interpreted harmoniously to effectuate a consistent body of law." *Boston Hous. Auth.* v. *Labor Relations Comm'n*, 398 Mass. 715, 718 (1986). Ventresco nevertheless argues that § 41 of c. 234A requires that we conclude the extension sought under G. L. c. 277, § 1A, was invalid. Section 1 of G. L. c. 234A states that "[w]henever any section of this chapter shall become applicable within a participating county all provisions of law which are *inconsistent* with such section shall cease to be effective . . ." (emphasis added). We do not think that c. 277, § 1A, is inconsistent with c. 234A, § 41. The former authorizes extension when "public necessity requires further time"; the latter authorizes it when the "efficient administration of justice requires." These standards are not necessarily inconsistent. The statutes may be harmoniously interpreted if public necessity and the efficient administration of justice are considered to be simply two alternate (often overlapping) situations in which a grand jury's term may be extended. The nature and scope of an investigation may require that the extension be granted, as a public necessity rather than on the basis of the efficient administration of justice. Ventresco has not demonstrated prejudice or injury because the grand jury was extended under a public necessity

standard rather than an efficient administration of justice standard.[3]

Third, Ventresco's indictments were not the result of an investigation of a "new matter." General Laws c. 277, § 1A, provides that after its term has been extended, a grand jury "shall take up no new matter." Ventresco contends that because the grand jury heard no evidence against him before the June 19, 1987, extension, and because the allegedly illegal transaction was not completed until three days after the extension, he was indicted on a new matter, outside the scope of the grand jury's authority. We do not agree.

The court extended the grand jury to investigate "Towing of Motor Vehicles by State Agencies, The City of Boston, and Private Companies." Ventresco is an inspector at the Registry of Motor Vehicles and the indictments against him concerned a transaction between him and a towing company with which he dealt on official business. The allegations fall well within the scope of an investigation into illegal towing activities. The fact that Ventresco did not complete the transaction until after the grand jury was extended does not necessarily render it a new matter.[4]

---

[3]Ventresco's suggestion that because over 1,500 indictments were returned, the term could not have been extended under an "efficient administration of justice" standard is without merit. In an investigation of such a large scope, the most efficient approach may well have been to keep the grand jury that heard the initial evidence, rather than having to educate new grand jurors on the nature of the investigation.

[4]Indictments by a grand jury are not constitutionally required in State criminal proceedings. See *Alexander* v. *Louisiana*, 405 U.S. 625, 633 (1972); *Hurtado* v. *California*, 110 U.S. 516, 538 (1884). Nevertheless, in interpreting the predecessor statute to Fed. Rule Crim. P. 6 (g), which prohibited an extended grand jury from investigating matters not commenced during the original term, the United States Supreme Court held: "It is not forbidden to inquire into new matters within the general scope of [the grand jury's] inquiry." *United States* v. *Johnson*, 319 U.S. 503, 511 (1943). In *Johnson*, the Supreme Court upheld the investigation of tax fraud where the defendant's tax return was not filed until after the extension of the grand jury. The grand jury's investigation, according to the Supreme Court, "may be into a course of conduct continuing during, and perhaps even after, its inquiry." *Id*. at 510. On this record, we need not decide whether we shall follow Federal precedent as a matter of State law.

The allegedly illegal transaction was begun before the grand jury convened and was finalized after its extension. We conclude that this was not a new matter within the meaning of G. L. c. 277, § 1A.

*Judgment affirmed.*