TOBY TURNER *vs.* COMMONWEALTH. August 16, 1996. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Practice, Criminal,* Speedy trial.

Toby Turner (defendant) filed a motion to dismiss an indictment because, he alleged, he had not been brought to trial within the twelve-month period specified in Mass. R. Crim. P. 36 (b), 378 Mass. 909 (1979). The Superior Court judge denied the motion, and the defendant unsuccessfully sought relief under G. L. c. 211, § 3 (1994 ed.), from a single justice of this court. The defendant appeals to the full court under S.J.C. Rule 2:21, 421 Mass. 1303 (1995). Section (2) of the rule requires that an appellant "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."

The defendant argues that we should consider his claim to be similar to one alleging a violation of double jeopardy principles in that a refusal to review such a claim before trial would result in the irremediable denial of the rights. See *Costarelli* v. *Commonwealth*, 374 Mass. 677, 680 (1978). Yet we note a critical distinction. Here the defendant *alleges* that the protection afforded to him by rule 36 has been violated. A Superior Court judge has rejected the claim. In the double jeopardy situation which the defendant presents as being analogous, we would have the *fact* of a defendant's having been placed in jeopardy coupled with the *certainty* of its happening again. Moreover, the defendant has the burden of showing that he has a substantial claim that an important substantive right is being violated and that the error is irreversible. *Id.* at 679. We reiterate that rule 36 is a rule of case management which is separate from the constitutional right to a speedy trial. *Commonwealth* v. *Lauria*, 411 Mass. 63, 67 (1991). The right which the rule can be said to have vested in criminal defendants is the opportunity for a speedy trial; and that opportunity is not a fundamental constitutional right, or even a right created by statute. *Barry* v. *Commonwealth*, 390

---

Mass. 285, 296 (1983). Cf. *Bishop* v. *Commonwealth*, 352 Mass. 258 (1967) (considering right to speedy trial where motion to dismiss based on art. 11 of Declaration of Rights of Constitution of Commonwealth).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Willie J. Davis* for the plaintiff.

*Rosemary Daly Mellor,* Assistant District Attorney, for the Commonwealth.