PAUL SIZEMORE *vs.* COMMONWEALTH. April 24, 2001. *Supreme Judicial Court,* Appeal from order of single justice, Superintendence of inferior courts.

Paul Sizemore (petitioner) appeals under S.J.C. Rule 2:21, 421 Mass. 1303 (1995), from the denial of relief under G. L. c. 211, § 3, by a single justice of this court. He had sought relief from a District Court judge's denial of his motion to dismiss complaints charging violation of an abuse prevention order issued pursuant to G. L. c. 209A.

Rule 2:21 applies to instances in which a single justice denies relief from an interlocutory ruling in the trial court and does not report the denial to the full court. The denial of the motion to dismiss is an interlocutory ruling for purposes of rule 2:21 (1).

Nevertheless, we affirm the judgment of the single justice. The denial of a motion to dismiss under Mass. R. Crim. P. 13, 378 Mass. 871 (1979), is not appealable until after trial, and the single justice did not decide the issue or report the matter and did not determine that the denial met the standard expressed in *Morrissette* v. *Commonwealth*, 380 Mass. 197, 198 (1980) (substantial claim of violation of substantive rights and irremediable error). See *Ventresco* v. *Commonwealth*, 409 Mass. 82, 83 (1991). In addition, G. L. c. 211, § 3, "is not a substitute for normal appellate review of interlocutory orders." *Id.* at 83-84.

Moreover, the petitioner has not met the requirement of rule 2:21 (2), that he set forth reasons why he may not adequately obtain review of the District Court judge's decision on appeal or by other available means. The petitioner had an alternative to reliance on G. L. c. 211, § 3. He could have sought review of the order issued pursuant to G. L. c. 209A by filing an appeal in the Appeals Court. See *Zullo* v. *Goguen*, 423 Mass. 679, 681 (1996).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*William S. Smith* for the petitioner.