JOHN ESTEVES *vs.* COMMONWEALTH. April 25, 2001. *Supreme Judicial Court,* Appeal from order of single justice, Superintendence of inferior courts. *Constitutional Law,* Speedy trial, Double jeopardy.

John Esteves (petitioner) appeals under S.J.C. Rule 2:21, 421 Mass. 1303 (1995), from a single justice's denial of a request for relief pursuant to G. L. c. 211, § 3. A Superior Court judge had denied the petitioner's motion to dismiss certain indictments, based on the judge's conclusions that the petitioner's right to a speedy trial had not been violated, and that the petitioner had not made a "showing of prejudicial delay."

The Superior Court judge's denial of the motion to dismiss is an interlocutory order for purposes of rule 2:21 (1). We turn to the petitioner's contention that the alleged violation of his right to a speedy trial cannot be effectively remedied by appellate review after trial. He argues that, by the time appellate review is provided, he will have experienced the "major evils" ("continued anxiety, community suspicion and other social and economic disabilities")

[1]Secretary of Administration and Finance.

from which, he claims, the right to a speedy trial is to protect him. He also asserts that his claim is similar to one based on double jeopardy principles that protect against being put to trial twice for the same offense, because a refusal to review the claim before trial would result in the irremediable denial of the right. See *Costarelli* v. *Commonwealth*, 374 Mass. 677, 680 (1978). For the reasons set forth below, we affirm the judgment of the single justice.

Although the petitioner contends his claim is comparable to one based on double jeopardy principles, we recognize a definitive distinction: his claim concerns his *right to a speedy trial*, rather than the *right not to be tried*. If one is tried and convicted and if we determine that the right to a speedy trial had been violated, we may direct that an order be entered allowing a motion to dismiss the indictments. See *Commonwealth* v. *Spaulding*, 411 Mass. 503, 510 (1992). The double jeopardy principles on which the petitioner relies address whether one should be put to trial, whereas speedy trial principles concern whether a trial is timely, not whether it should be held at all.

Furthermore, the petitioner does not refer to, nor have we identified, a practice by which this court, in similar cases, has reviewed the pretrial presentation of speedy trial violation claims to a single justice.[1] This absence is not dispositive, but it is instructive. It is also significant that we have, however, considered speedy trial claims that have come to us along other paths. See, e.g., *Commonwealth* v. *Amidon*, 428 Mass. 1005 (1998) (trial judge granted motions to dismiss); *Commonwealth* v. *Lasher*, 428 Mass. 202 (1998) (same); *Commonwealth* v. *Grant*, 418 Mass. 76 (1994) (claim reviewed in posttrial appeal); *Commonwealth* v. *Spaulding*, 411 Mass. 503 (1992) (same); *Commonwealth* v. *Lauria*, 411 Mass. 63 (1991) (judge denied motions to dismiss and reported cases); *Commonwealth* v. *Campbell*, 401 Mass. 698 (1988) (trial judge granted motion to dismiss); *Commonwealth* v. *DelVerde*, 398 Mass. 288 (1986) (trial court judge reported issue); *Commonwealth* v. *Farris*, 390 Mass. 300 (1983) (trial judge allowed motion to dismiss); *Barry* v. *Commonwealth*, 390 Mass. 285, 286, 288 n.4 (1983) (single justice reserved and reported the case; court not required to decide whether case properly before it under G. L. c. 211, § 3); *Bishop* v. *Commonwealth*, 352 Mass. 258, 259 (1967) (single justice reserved and reported petition under G. L. c. 211, § 3, without decision). The petitioner does rely on a footnote in *Burton* v. *Commonwealth*, 432 Mass. 1008, 1008 n.1 (2000), indicating that the claim of a violation of his rights to a speedy trial and due process of law was, according to the single justice who denied the request for relief under G. L. c. 211, § 3, similar to a double jeopardy claim and that it was appropriate to address the merits. The fact that the single justice chose to do so in that instance does not compel us to decide that the single justice should have done so in this case, or must do so in every instance. We also note that although the petitioner obtained review, he did not obtain relief. *Id.* at 1009.

---

[1]We have considered cases that may be distinguished, without considering whether the merits of the speedy trial claims were reached. Compare *King* v. *Commonwealth*, 430 Mass. 1002 (1999) (focus of memorandum pursuant to S.J.C. Rule 2:21, 421 Mass. 1303 [1995], on reasons why "the new complaint" should be dismissed); *Spero* v. *Commonwealth*, 424 Mass. 1017, 1018 (1997) (motion in trial court under G. L. c. 123, § 17 [*b*], with reference to right to speedy trial); *Turner* v. *Commonwealth*, 423 Mass. 1013 (1996) (claim based on Mass. R. Crim. P. 36 [b], 378 Mass. 909 [1979]). See *Burton* v. *Commonwealth*, 432 Mass. 1008 (2000), above.

Our conclusion is reinforced by our determination that the "denial of a motion to dismiss pursuant to Mass. R. Crim. P. 13 is not appealable . . . until after trial." *Ventresco* v. *Commonwealth*, 409 Mass. 82, 83 (1991). See *Epps* v. *Commonwealth*, 419 Mass. 97, 99 (1994), citing *Ventresco* v. *Commonwealth, supra* (denial of motion to dismiss may not be appealed until after trial, and relief under G. L. c. 211, § 3, is not available as matter of right). See also *Pare* v. *Commonwealth*, 420 Mass. 216, 217 (1995), quoting *Morrissette* v. *Commonwealth*, 380 Mass. 197, 198 (1980) (court will not ordinarily review interlocutory rulings in criminal cases under G. L. c. 211, § 3). Moreover, if the single justice does not determine that the denial of a motion to dismiss meets the standard specified in *Morrissette* v. *Commonwealth, supra* (must demonstrate both a substantial claim of violation of substantive rights and irremediable error), and neither decides the issue nor reports the matter to the full court, the petitioner cannot receive review under G. L. c. 211, § 3, of the denial of a motion to dismiss. *Ventresco* v. *Commonwealth, supra*.

Here, the single justice did not determine that the denial of the motion to dismiss met the *Morrissette* standard. As a result, even if we assumed that the petitioner had met the requirement of rule 2:21 (2), and if we then authorized him to proceed with his appeal from the decision of the single justice, he would not be entitled to relief from the full court. *Ventresco* v. *Commonwealth, supra*.

In addition, the approach taken by the Supreme Court of the United States is consistent with the path we follow. See *United States* v. *MacDonald*, 435 U.S. 850, 857 (1978) (order denying motion to dismiss indictment on speedy trial grounds does not warrant suspension of rules against piecemeal review before final judgment).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Paul W. Patten* for the petitioner.