# RESCRIPT OPINIONS.

JOHN DOE *vs.* COMMONWEALTH. August 30, 2001. *Practice, Criminal,* Interlocutory appeal. *Supreme Judicial Court,* Appeal from order of single justice.

John Doe, the petitioner, appeals under S.J.C. Rule 2:21, 421 Mass. 1303 (1995), from the denial of relief under G. L. c. 211, § 3, by a single justice of this court. A Superior Court judge had denied the petitioner's motion to dismiss an indictment.

The Superior Court judge's order is an interlocutory ruling supporting application of rule 2:21 (1). As a result, we consider whether the petitioner, as rule 2:21 (2) requires, has "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."

The petitioner asserts "that he cannot be placed in the status [*sic*] quo, the same position through the regular course of trial and appeal that he is in before it." He says, in explanation, that the prosecution has offered him a cooperation agreement, a reduction in the charge, and in the sentence he would receive, in exchange for assistance he provided regarding an unrelated matter; and points out that the offer will be withdrawn after certain motions have been heard and a trial date has been set. As a result, he argues that if he is tried (and convicted and that judgment is affirmed on appeal), the charges and penalties to which he will be subject will be greater than those to which he would be subject under the cooperation agreement.

Our focus, however, must be on determining whether the petitioner has specified the reasons why review of the denial of his motion to dismiss "cannot adequately be obtained on appeal . . . or by other available means." We consider, therefore, whether the petitioner has addressed the adequacy of the review to be obtained on appeal, not whether he has demonstrated that he may or may not be restored to his pretrial status. The petitioner's explanation concerning the potential loss of the benefit of the cooperation agreement is based more on the stated consequences of going to trial, than on an evaluation of the adequacy of appellate review of the trial court decision. The petitioner has not met his burden under rule 2:21 (2) regarding the trial court decision.[1]

Moreover, the matter was brought to the single justice following denial of

---

[1]We have referred to being placed "in statu quo" in discussing the standard for obtaining review of interlocutory rulings in criminal cases under G. L. c. 211, § 3, and we recognize the petitioner's reliance on the concept. See *Morrissette* v. *Commonwealth,* 380 Mass. 197, 198 (1980) ("defendant must demonstrate both a substantial claim of violation of his substantive rights and irremediable error, such that he cannot be placed in statu quo in the regular course of appeal"). The petitioner has not established that the potential loss of access to the benefits of the cooperation agreement is a substantial

Rescript Opinions.

the petitioner's motion to dismiss. The denial of a motion to dismiss under Mass. R. Crim. P. 13, 378 Mass. 871 (1979), is not appealable until after trial, and here the single justice did not decide the issue or report the matter and did not determine that the denial met the standard expressed in *Morrissette* v. *Commonwealth*, 380 Mass. 197, 198 (1980). See *Ventresco* v. *Commonwealth*, 409 Mass. 82, 83 (1991). In addition, G. L. c. 211, § 3, "is not a substitute for normal appellate review of interlocutory orders." *Id.* at 83-84.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Neil F. McCarron, Jr.,* for the petitioner.


*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

---

claim of a violation of a substantive right. If we assumed that the argued violation of the attorney-client relationship met the first prong of the test, we would conclude that the alleged error would not be irremediable. Cf. *Costarelli* v. *Commonwealth*, 374 Mass. 677, 680 (1978) (claim of rights under double jeopardy clause); *Gilday* v. *Commonwealth*, 360 Mass. 170, 171 (1971) (disclosure of alibi witnesses).