SHIRLEY S., a juvenile *vs.* COMMONWEALTH. February 1, 2002. *Supreme Judicial Court,* Appeal from order of single justice, Superintendence of inferior courts. *Practice, Criminal,* Appeal.

A District Court judge, in a juvenile session, denied the petitioner's motion to "dismiss the case against her with prejudice," and the petitioner then sought relief in the county court. The petitioner now appeals under S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), from the denial of relief under G. L. c. 211, § 3, by a single justice of this court.

We first note that the denial of a motion to dismiss is not appealable until after trial, and here the single justice did not decide the issue or report the matter and did not determine that the denial met the standard expressed in *Morrissette* v. *Commonwealth,* 380 Mass. 197, 198 (1980). See *Ventresco* v. *Commonwealth,* 409 Mass. 82, 83 (1991). In addition, G. L. c. 211, § 3, "is not a substitute for normal appellate review of interlocutory orders." *Id.* at 83-84, and cases cited.

The denial of the motion to dismiss is an interlocutory ruling, so we consider whether the petitioner has met her obligation under rule 2:21 (2) to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." The petitioner argues in her memorandum under the rule that the Commonwealth should be prevented "from circumventing the mandatory Juvenile Justice system"; and that this disregard of the statutory mandates will subject her "to the opprobrium of public prosecution." The petitioner has not met her burden.

In moving to have the case against her dismissed, the petitioner also asked that the Commonwealth's request for a transfer hearing be denied. Thus, the transfer hearing had not yet been held, and neither party indicates to us that it has been held. In addition, the petitioner states that when denying the motion to dismiss, the judge allowed the petitioner's motion to stay the proceedings until November 9, 2001, to enable her to seek relief in the county court. The Commonwealth noted in its opposition to the petition under G. L. c. 211, § 3, that the judge stayed the proceedings until "this [c]ourt disposes of this petition."[1] Thus, based on the information before us, it appears that the transfer request has not been acted on. If that request were to be denied, then the Commonwealth's alleged "circumvention" and the predicted public prosecution of the petitioner would not occur. Moreover, although not necessarily controlling in these circumstances, we note that a juvenile has obtained review in this court of a single justice's denial of a request that a case be remanded to a juvenile session of the District Court for reconsideration of a decision to transfer the defendant to the Superior Court for trial as an adult. *Commonwealth* v. *Fuller,* 421 Mass. 400, 401 (1995).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Robert J. Wheeler, Jr.,* for the petitioner.

*Lynn C. Rooney & David Leibowitz,* Assistant District Attorneys, for the Commonwealth.

---

[1]Judgment entered in the county court on November 8, 2001. The petitioner filed her memorandum and appendix with the full court on December 12, 2001.