JACK LINDSEY *vs.* COMMONWEALTH. August 20, 2004. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Practice, Criminal,* Dismissal, Interlocutory appeal.

The petitioner, Jack Lindsey, appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3. We affirm.

There are numerous criminal charges pending against the petitioner in the Superior Court. He moved to dismiss the charges on the ground that the Commonwealth had failed timely to disclose a police report and the existence of a witness identified in the report; he alleged that, as a result of the delayed disclosure, the witness cannot be located and his defense of the case has been irreparably impaired. A judge in the Superior Court denied the motion to dismiss. The petitioner then filed his G. L. c. 211, § 3, petition in the county court seeking review of the Superior Court judge's ruling.

The case is presently before us on the petitioner's memorandum and record appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). The single justice was correct to deny the petition because the petitioner has an adequate alternative to seeking relief under G. L. c. 211, § 3, namely, a direct appeal in the normal course after trial in the event that he is convicted. Beyond making generalized assertions,[1] the petitioner has not demonstrated in his rule 2:21 memorandum that a direct appeal after trial would be inadequate to vindicate his claims fully. The result we reach is in keeping with the settled rule that the denial of a motion to dismiss in a criminal case is not reviewable as a matter of right interlocutorily — the one notable exception being a motion to dismiss that raises a double jeopardy claim of substantial merit, which is not the case here. *Jackson* v. *Commonwealth,* 437 Mass. 1008, 1009 (2002), and cases cited. *Ventresco* v. *Commonwealth,* 409 Mass. 82, 83-85 (1991).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Mark L. Stevens* for the petitioner.

---

[1] The petitioner maintains that the denial of his motion to dismiss should be reviewed now, before trial, because without the witness, "[t]he current state of the evidence . . . will almost certainly result in a guilty finding after trial." The petitioner also claims that his case raises a question of first impression in Massachusetts involving the Supreme Court's decision in *Crawford* v. *Washington,* 124 S. Ct. 1354 (2004). He does not explain, however, why that claim could not adequately be resolved, if necessary, after trial (and on a fully developed record).