KENNETH GUILMETTE *vs.* COMMONWEALTH. July 22, 2010. *Supreme Judicial Court,* Appeal from order of single justice.

Kenneth Guilmette appeals from the judgment of a single justice of this court denying his petition for relief, pursuant to G. L. c. 211, § 3. We affirm.

Guilmette was charged with resisting arrest in violation of G. L. c. 268, § 32B. Prior to trial, he moved to dismiss the complaint on the ground that he was entitled to a show cause hearing before issuance of a complaint. The trial judge denied the motion.[1] After his conviction in the District Court, Guilmette appealed. He did not raise the denial of his motion to dismiss as an issue in that appeal. The Appeals Court summarily vacated the conviction and ordered a new trial on other grounds. *Commonwealth* v. *Guilmette*, 75 Mass. App. Ct. 1103 (2009).

---

[1]Guilmette filed an earlier petition pursuant to G. L. c. 211, § 3, challenging the denial of his motion to dismiss. The first trial took place, however, before that petition was acted on.

Prior to retrial, Guilmette filed in the District Court a second motion to dismiss the complaint that was essentially identical to the first motion. The judge denied the motion.[2] Thereafter, Guilmette filed in the county court a second petition seeking leave to pursue an interlocutory appeal from the denial of his motion to dismiss (see note 1, *supra*), as well as a request to stay further proceedings in the trial court pending appeal. The single justice denied relief, pursuant to G. L. c. 211, § 3, without a hearing.

The case is before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Guilmette has failed to meet his obligation under the rule to demonstrate why "review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." *Id.* He could have raised the issue in his first appeal to the Appeals Court, but did not do so. It may be that he is still able to press the point in a second appeal, if he is convicted after retrial.[3] In any event, the denial of a motion to dismiss in a criminal case is not appealable as a matter of right prior to trial, and G. L. c. 211, § 3, may not be used to circumvent that rule. "Unless a single justice decides the matter on the merits or reserves and reports it to the full court, neither of which occurred here, a defendant cannot receive review under G. L. c. 211, § 3, from the denial of his motion to dismiss." *Jackson* v. *Commonwealth,* 437 Mass. 1008, 1009 (2002).[4] See *Ventresco* v. *Commonwealth,* 409 Mass. 82, 85 (1991); *Hadfield* v. *Commonwealth,* 387 Mass. 252, 256 (1982). The court's general superintendence power under G. L. c. 211, § 3, is not a substitute for the ordinary appellate process, nor does it provide additional appellate review after the normal process is complete. *Davidson* v. *Register of Probate for Essex County,* 454 Mass. 1013 (2009).

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Geoffrey DuBosque* for the plaintiff.


---

[2]The judge's order notes, among other things, that Guilmette did not press the issue in his first appeal.

[3]We express no view on whether Guilmette's failure to challenge the denial of his motion to dismiss in his first appeal precludes him from doing so in a subsequent appeal from any conviction following retrial. See *Commonwealth* v. *Kater,* 432 Mass. 404, 411 (2000). The answer to that question is inconsequential to the result we reach.

[4]Because of the unique nature of the protection against double jeopardy, we recognize a very limited exception to this rule where a criminal defendant "raises a double jeopardy claim of substantial merit." *Neverson* v. *Commonwealth,* 406 Mass. 174, 175 (1989). But we have consistently declined to "extend this limited exception to other types of claims" that can be raised in a motion to dismiss. *Fitzpatrick* v. *Commonwealth,* 453 Mass. 1014, 1015 n.2 (2009), and cases cited.