NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11746

DAVID FORLIZZI & another[1]  vs.  COMMONWEALTH.


April 28, 2015.


Supreme Judicial Court, Superintendence of inferior courts.
     Practice, Criminal, Interlocutory appeal.


     David Forlizzi and Fred Battista appeal from a judgment of
a single justice of this court denying their petition pursuant
to G. L. c. 211, § 3.  The petition sought relief from the
orders of a Superior Court judge denying their motions to
dismiss indictments and from the judge's decision not to conduct
an evidentiary hearing on their motions.  The single justice
denied the petition.  We affirm.

     Background.  Forlizzi has been indicted on charges of
obstruction of justice, in violation of G. L. c. 268, § 13B;
three counts of corruption of a witness, in violation of G. L.
c. 268A, § 2 (c); three counts of subornation of perjury, in
violation of G. L. c. 268, § 2; and multiple counts of
conspiracy to violate those same laws, G. L. c. 274, § 7.  He
also has been indicted as a habitual offender, in violation of
G. L. c. 279, § 25.  Battista faces similar charges.  These
indictments arise out of the petitioners' alleged misconduct in
connection with a prior trial involving alleged insurance fraud.

     In the Superior Court, Forlizzi (joined by Battista) moved
to dismiss the indictments, alleging that, during the
investigation leading to the indictments, the Commonwealth had
engaged in prosecutorial misconduct.  They claimed that the
Commonwealth caused the grand jury to subpoena the bank records

_____

[1] Fred Battista.  Battista has joined in the memorandum
filed by David Forlizzi.

of trial counsel in violation of Mass. R. Prof. C. 3.8 (f), 426 Mass. 1397 (1998), and that the Attorney General improperly obtained counsels' tax records though the insurance fraud bureau.  A Superior Court judge denied the motion, concluding that the proscription of rule 3.8 (f) does not apply to third-party record holders such as banking institutions, but that the mechanism used by the prosecutors to obtain the attorneys' tax records constituted overreaching.  The judge determined, however, that dismissal of the indictments as a sanction was not warranted in the circumstances.  Forlizzi thereafter filed a second motion to dismiss, which also was denied.  The judge reasoned that Forlizzi "has not demonstrated that the Commonwealth engaged in conduct designed to interfere with [his] . . . right [under the Sixth Amendment to the United States Constitution] to counsel of choice, nor has he persuaded the [c]ourt that an evidentiary hearing would likely produce evidence to establish his claim."

The petitioners next filed their petition in the county court pursuant to G. L. c. 211, § 3, seeking interlocutory review of those rulings.  A single justice of this court concluded that the petitioners had not shown they were entitled to extraordinary relief.  She considered the Superior Court judge's decision and, "inter alia, for the reasons stated by the judge in his detailed written decision," ordered that the petition for extraordinary relief be denied.

The case is now before us pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001).  That rule applies where, as here, a single justice has denied relief from challenged interlocutory rulings in the trial court, and requires a petitioner to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."  Id.  In this case, the petitioners contend that relief "cannot be obtained after trial because further trial court proceedings stand to fatally compromise [the petitioners'] constitutional right to counsel of [their] choice."

Discussion.  We have said repeatedly that the "denial of a motion to dismiss pursuant to Mass. R. Crim. P. 13[, as appearing in 442 Mass. 1516 (2004),] is not appealable . . . until after trial," and that G. L. c. 211, § 3, "may not be used to circumvent our rule."  Ventresco v. Commonwealth, 409 Mass. 82, 83 (1991).  "[T]he rights of criminal defendants are generally fully protected through the regular appellate process."  Costarelli v. Commonwealth, 374 Mass. 677, 679

(1978). In truly extraordinary circumstances, however, where a petitioner demonstrates "both a substantial claim of violation of his substantive rights and irremediable error, such that he cannot be placed in status quo in the regular course of appeal," Morrissette v. Commonwealth, 380 Mass. 197, 198 (1980), a single justice may exercise the court's power under G. L. c. 211, § 3, to authorize interlocutory review. In such a case, the single justice may decide the issues presented, report the matter to the full court, Ventresco, supra, or authorize an interlocutory appeal to be taken to the Appeals Court for a decision on the merits. Commonwealth v. Jansen, 459 Mass. 21, 23 (2011); Fadden v. Commonwealth, 376 Mass. 604 (1978), cert. denied, 440 U.S. 961 (1979).

Here, we affirm the single justice's denial of the petition on the ground that the petitioners failed to demonstrate irremediable error, the second Morrissette factor, which coincides with the petitioners' obligations under rule 2:21. See Cook v. Carlson, 440 Mass. 1025, 1026 n.2 (2003); White v. Commonwealth, 439 Mass. 1017, 1017 n.1 (2003). The fact that the single justice considered the substantive merits of the interlocutory orders does not require that we do likewise. White, supra. We express no opinion on the substantive merits of the petition at this interlocutory stage.

The petitioners' claims generally involve due process considerations, alleged violations of the attorney-client relationship, and infringement on the right to counsel. They have not, as is their burden, demonstrated that those claims involve violation of any right that cannot be remedied in a direct appeal if and when the petitioners are convicted. See Jackson v. Commonwealth, 437 Mass. 1008, 1009 (2002) (due process claims); Doe v. Commonwealth, 435 Mass. 1001, 1001 n.1 (2001) (violation of attorney-client relationship); Barber v. Commonwealth, 353 Mass. 236 (1967) (Sixth Amendment rights). None of the petitioners' claims implicates "a right not to be tried," a right we have protected by according interlocutory review. See Flood v. Commonwealth, 465 Mass. 1015, 1017 (2013) (double jeopardy claims and sexually dangerous persons trials). See also Soucy v. Commonwealth, 470 Mass. 1025, 1025 (2015), and cases cited.

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.

Robert M. Goldstein for David Forlizzi.